**De Guo LI, Petitioner,**

v.

**IMMIGRATION AND NATURALIZATION SERVICE, Respondent.**

No. 00–71114.

I & NS No. A76–280–250.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted March 6, 2002.

Decided April 17, 2002.

Before WARDLAW, W. FLETCHER, Circuit Judges, and WHYTE,* District Judge.

---

1. *See Hamilton v. Vasquez,* 882 F.2d 1469, 1472 (9th Cir.1989).

* The Honorable Ronald M. Whyte, United States District Judge for the Northern District of California, sitting by designation.

## MEMORANDUM **

De Guo Li is a seventeen-year-old native of China appealing the BIA's decision denying him asylum, withholding of removal, and relief under the United Nations Convention Against Torture and Other Cruel, Inhuman or Degrading Treatment or Punishment ("Convention"). Li alleges past persecution and a well-founded fear of future persecution on the basis of his Catholic religion. We hold that the IJ applied the wrong standard in evaluating Li's application for relief under the Convention, but nonetheless affirm.

On March 20, 1999, Li entered Guam and sought admission to the United States. On March 25, 1999, the Immigration and Naturalization Service ("INS") issued a Notice to Appear charging Li with removability pursuant to Immigration and Nationality Act ("INA") § 212(a)(7)(A)(i)(I), 8 U.S.C. § 1182(a)(7)(A)(i)(I). Li conceded removability, and requested asylum, withholding of removal, and relief under the Convention.

A hearing on the merits of Li's claims was held on January 26, 2000. At the hearing, Li testified that he was a Catholic and that in the summer of 1998, the Chinese government dispatched regional or local communist committee members to investigate his church and to tape record church gatherings. In response, Li and other church members moved their meetings from the church to a church member's house. Government officials began attending the house meetings as well. One day, officials broke up a house meeting and declared such meetings illegal. Li protested that the church members enjoyed a freedom to worship. He was told that if he met at such a gathering again, he would be handcuffed. Li also testified that one

of his father's friends who belonged to his church was detained, fined, and beaten. Because Li was "afraid" of the threat to handcuff him and of what happened to his father's friend, he decided to come to the United States. The IJ denied Li's applications for asylum, withholding, and protection under the Convention, finding that Li had not established a well-founded fear of persecution. The BIA affirmed the IJ's decision.

We hold that the evidence in the record is insufficient to compel a finding that Li established a well-founded fear of persecution. The single threat to handcuff Li does not constitute past persecution. *Lim v. INS*, 224 F.3d 929, 936 (9th Cir.2000) (defining persecution as an "extreme concept" that includes the "infliction of suffering or harm" (citations omitted)). Nor does the combination of the threat, the experience of his father's friend, and the State Department Profile establish a well-founded fear of future persecution. Arrest alone, even on account of a protected category, does not constitute persecution. *Al-Saher v. INS*, 268 F.3d 1143, 1146 (9th Cir.2001) (holding that detention of five or six days on account of imputed political opinion, without beatings, tortures, or threats, did not "rise[ ] to the level of persecution"). While the State Department Profile does contain evidence of government suppression of unauthorized religious groups and social organizations, these campaigns have mostly targeted religious leaders. The family friend who was beaten had preached and constantly worked on behalf of the church. Because Li only attended church to pray, and has not indicated any desire to preach or proselytize, neither the State Department Profile nor the family friend's experience is indicative of Li's prospects of facing perse-

cution upon return to China. Further, Li's family members, who like Li are Catholic and attend church only to pray, have never been arrested, fined, or beaten for their religious activities even though they have remained in China. *See Lim,* 224 F.3d at 935. Li's mother even attended the same meetings with Li at the church member's house. Because Li did not establish a well-founded fear of future persecution, he necessarily failed to meet the more stringent standard for withholding of removal.

The IJ applied the incorrect standard in evaluating Li's application for relief under the Convention. The IJ found that because Li did not meet the standard for asylum eligibility, he necessarily failed to establish the standard for protection under the Convention. This conclusion was in error because the criteria for relief under the Convention are distinct from those for asylum or withholding of removal. *See Kamalthas v. INS,* 251 F.3d 1279, 1283 (9th Cir.2001) (holding that claims for relief under the Convention are "analytically separate" from claims for asylum and for withholding of removal). We nonetheless affirm the IJ's decision because there is insufficient evidence in the record to support a finding that Li is entitled to withholding of removal under the Convention.

AFFIRMED.

---

* The Honorable Roger Hunt, United States District Judge for the District of Nevada, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.