# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 17-60222
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

March 21, 2018

Lyle W. Cayce
Clerk

MARBELLA SANTOYO-PITA, also known as Marbella Sontoyo-Pita; ALBERTO MUNOZ-SANTOYO; SUSANA MUNOZ-SANTOYO; MONICA MUNOZ-SANTOYO; PEDRO MUNOZ-SANTOYO; JAVIER MUNOZ-SANTOYO; ISIDRO MUNOZ-SANTOYO; EVERARDO MUNOZ-SANTOYO; GILDARDO MUNOZ-SANTOYO; EDUVIGES MUNOZ-SANTOYO; EMANUEL MUNOZ-SANTOYO; VICTOR MUNOZ-SANTOYO; ANABELLA MUNOZ-SANTOYO; LEOBARDO MUNOZ-SANTOYO,

Petitioners

v.

JEFFERSON B. SESSIONS, III, U. S. ATTORNEY GENERAL,

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA Nos.  A206 877 444, A206 877 432,
A206 877 433, A206 877 434, A206 877 435,
A206 877 436, A206 877 437, A206 877 438,
A206 877 439, A206 877 440, A206 877 441,
A206 877 442, A206 877 443, A206 877 446

No. 17-60222

Before HIGGINBOTHAM, JONES, and SMITH, Circuit Judges.

PER CURIAM:*

Marbella Santoyo-Pita and her children Aberto, Susana, Monica, Pedro, Javier, Isidro, Everardo, Gildardo, Eduviges, Emanuel, Victor, Anabella, and Leobardo Munoz-Santoyo petition this court to review the denial of their applications for asylum, withholding of removal, and relief under the Convention Against Torture (CAT). We review for substantial evidence the findings that the petitioners were not eligible for such relief. *Zhang v. Gonzales*, 432 F.3d 339, 344 (5th Cir. 2005). We will affirm a finding unless the "evidence compels a contrary conclusion." *Carbajal-Gonzalez v. INS*, 78 F.3d 194, 197 (5th Cir. 1996); *see* 8 U.S.C. § 1252(b)(4)(B). The petitioners have "the burden of showing that the evidence is so compelling that no reasonable factfinder could reach a contrary conclusion." *Orellana-Monson v. Holder*, 685 F.3d 511, 518 (5th Cir. 2012) (internal quotation marks and citation omitted). We review the final decision of the Board of Immigration Appeals (BIA) and will also review the ruling of the immigration judge (IJ) insofar as it affected the BIA's decision. *Zhu v. Gonzales*, 493 F.3d 588, 593 (5th Cir. 2007).

The petitioners challenge the finding that they were not eligible for asylum and withholding of removal because they failed to show that any persecution was, or will be, on account of a protected ground. First, they assert that they face persecution because of the imputed political opinion of Santoyo-Pita's husband and the children's father, Isidro Munoz Gutierrez. However, substantial evidence supports the IJ's finding that Salvador Guzman's murder of Munoz Gutierrez "was the culmination of a history of personal and land use

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

disputes, and appears to have been motivated by personal hatred." Moreover, even if Guzman had been motivated by political reasons, the past-persecution of a family member cannot be imputed to the aliens seeking asylum. *See Morales v. Sessions*, 860 F.3d 812, 816 (5th Cir. 2017). To the extent the petitioners also claim that Santoyo-Pita herself was persecuted because of Munoz Gutierrez's position in the failed local government, they cite no evidence to support the claim and thus fail to show that the evidence compels such a finding.

Additionally, the petitioners contest as arbitrary the IJ's finding that, although their family qualifies as a particular social group, they were harmed for personal reasons, not because of their family membership. They assert that every attack against a family is personal and that they should not be required to show an additional, non-personal reason.

The BIA found no clear error in the IJ's finding that Guzman was motivated by reasons other than the petitioners' family membership. The petitioners cite no evidence disputing that Guzman was motivated by a personal hatred for Munoz Gutierrez, as well as a desire to avoid criminal liability, rather than from animosity toward the family. Accordingly, they do not show that the evidence compels the conclusion that their membership in the family was or will be a central reason for any persecution, as required to obtain asylum or withholding of removal. *See* 8 U.S.C. § 1158(b)(1)(B)(i); *Shaikh v. Holder*, 588 F.3d 861, 864 (5th Cir. 2009).

Finally, the petitioners contend that they are entitled to relief under the CAT because it is more likely than not that the Mexican government will acquiesce in their torture if they return. *See* 8 C.F.R. §§ 1208.16(c)(2), 1208.18(a)(1). They cite a finding by the IJ that the government in Mexico acquiesces in wrongdoing by drug cartels and criminal organizations. The BIA

adopted the reasons of the IJ, who denied the CAT claim in part because the evidence did not show that the local criminal organization would torture the petitioners or that Guzman was acting on behalf of the organization in targeting them. The petitioners have not shown that the evidence compels such findings. According, they are not entitled to relief. *See Orellana-Monson*, 685 F.3d at 518; *Zhang*, 432 F.3d at 344.

PETITION DENIED.