# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
September 4, 2020

Lyle W. Cayce
Clerk

No. 19-60124
Summary Calendar

Fabiola Yomara Hernandez-Morales,

*Petitioner*,

*versus*

William P. Barr, U. S. Attorney General,

*Respondent*.

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A202 070 721

Before Haynes, Willett, and Ho, *Circuit Judges*.

Per Curiam:*

Fabiola Yomara Hernandez-Morales, a native and citizen of Guatemala, has petitioned for review of the decision of the Board of Immigration Appeals (BIA) dismissing her appeal from the decision of the immigration judge denying her applications for asylum and withholding of

---

* Pursuant to 5th Cir. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

removal, claiming fear of persecution on account of membership in a particular social group, that is, Guatemalan women who are unable to leave a dating relationship with a gang member or who are viewed as property by a gang member. She also seeks review of the denial of her motion to terminate the removal proceedings, which challenged the BIA's jurisdiction on the ground that the notice to appear was defective.

Citing *Matter of A-B-*, 27 I. & N. Dec. 316, 333-40 (Att'y Gen. 2018), *vacated in part by Grace v. Whitaker*, 344 F. Supp. 3d 96 (D.D.C. 2018), *aff'd in part, rev'd in part, vacated and remanded*, 965 F. 3d 883 (D.C. Cir. 2020), the BIA held that Hernandez-Morales had failed to meet her burden of showing that her claimed social group existed independently of the feared harm, was sufficiently particular, or was perceived as socially distinct in Guatemalan society. It further held that Hernandez-Morales had not shown that any past or future harm she feared had a nexus to a protected ground, as it involved purely personal matters.

Hernandez-Morales has not shown that it was unreasonable for the BIA to rely on the Attorney General's reasoning in *A-B-*. *See Gonzales-Veliz v. Barr*, 938 F.3d 219, 228-35 (5th Cir. 2019); *see also A-B-*, 27 I. & N. Dec. at 334-35. Nor has she shown that the BIA determined improperly that she had failed to show that the Guatemalan government was unable or unwilling to protect her. *See Gonzales-Veliz*, 938 F.3d at 233; *Shehu v. Gonzales*, 443 F.3d 435, 437-38 (5th Cir. 2006). Because Hernandez-Morales did not meet her burden with respect to her asylum application, the BIA concluded correctly that she necessarily cannot do so with respect to her application for withholding of removal. *See Morales v. Sessions*, 860 F.3d 812, 817-18 (5th Cir. 2017).

Hernandez-Morales contends that the BIA wrongfully denied her motion to terminate the removal proceedings in light of *Pereira v. Sessions*,

No. 19-60124

138 S. Ct. 2105 (2018).  The argument Hernandez-Morales makes here was rejected in *Pierre-Paul v. Barr*, 930 F.3d 684, 689-90 (5th Cir. 2019), *cert. denied*, 2020 WL 1978950 (U.S. Apr. 27, 2020).  The petition for review is DENIED.