CORRECTED

# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

March 17, 2021

Lyle W. Cayce
Clerk

No. 19-60727
Summary Calendar

DEEPAK THAPA,

*Petitioner*,

*versus*

MERRICK GARLAND, *U.S. Attorney General*,

*Respondent*.

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A201 679 042

Before CLEMENT, HIGGINSON, and ENGELHARDT, *Circuit Judges*.

PER CURIAM:*

Deepak Thapa, a native and citizen of Nepal, petitions for review of the Board of Immigration Appeals' (BIA) affirmance of the Immigration Judge's (IJ) denial of his applications for asylum, withholding of removal, and

---

* Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

protection under the Convention Against Torture (CAT). Thapa, a member of the Nepali Congress Party (NCP), claimed that on one occasion he was threatened by five to six individuals who wanted him to leave the NCP and join the Maoists. On another occasion, as he was leaving a NCP office, five to six individuals beat him with sticks, and Thapa believed they were Maoists. Thapa thereafter left his village home for Kathmandu, where he lived for three and one-half months without incident. While he was in Kathmandu, he learned that individuals had visited his village home and threatened to break his arms and legs if he returned.

We review only the BIA's decision, "unless the IJ's decision has some impact on the BIA's decision." *Wang v. Holder*, 569 F.3d 531, 536 (5th Cir. 2009). Thus, the IJ's decision will be considered insofar as it affected the BIA's decision. *Id.* Those parts of the IJ's decision that were not adopted by the BIA are not before this court, and Thapa's arguments concerning those parts of the IJ's decision are not considered. *See id.*; *see also INS v. Bagamasbad*, 429 U.S. 24, 25-26 (1976).

This court applies the substantial evidence standard in reviewing the BIA's factual conclusions that an alien is not eligible for asylum, withholding of removal, or CAT relief. *Chen v. Gonzales*, 470 F.3d 1131, 1134 (5th Cir. 2006); 8 U.S.C. § 1252(b)(4)(B). "Under the substantial evidence standard, reversal is improper unless we decide not only that the evidence supports a contrary conclusion, but also that the evidence *compels* it." *Chen*, 470 F.3d at 1134 (internal quotation marks and citations omitted).

Thapa argues that his testimony before the IJ, which was deemed credible, established that he suffered past persecution and has a well-founded fear of future persecution in Nepal because of his membership in the NCP. He argues that the IJ and BIA erred in failing to consider the cumulative effect of the separate incidents of harm and in not considering, when

concluding that he could relocate within Nepal, that the Maoists instigate civil strife and essentially govern the country. He also contends that he will be tortured by Maoists if he is returned to Nepal.

Contrary to Thapa's assertion, the record demonstrates that the IJ and BIA properly considered the cumulative effect of all the incidents of harm before concluding that, together, they did not amount to past persecution. Thapa was able to relocate to Kathmandu without incident and has presented no specific evidence that the Maoists engaged in human rights abuses in Kathmandu, so he has failed to demonstrate a well-founded fear of future persecution. *See* 8 C.F.R. § 1208.13(b)(2)(ii) ("An applicant does not have a well-founded fear of persecution if the applicant could avoid persecution by relocating to another part of the applicant's country of nationality . . . .") Because Thapa does not warrant asylum based on past persecution or a well-founded fear of future persecution, he fails to demonstrate that the evidence compels a conclusion contrary to that of the IJ and BIA with respect to his application for asylum. *See Gjetani v. Barr*, 968 F.3d 393, 398 (5th Cir. 2020); *Orellana-Monson v. Holder*, 685 F.3d 511, 518 (5th Cir. 2012); *Lopez-Gomez v. Ashcroft*, 263 F.3d 442, 445 (5th Cir. 2001); 8 C.F.R. § 1208.13(b)(2)(ii).

Further, because he fails to meet the less stringent standard for asylum, he is necessarily unable to establish entitlement to withholding of removal. *See Eduard v. Ashcroft*, 379 F.3d 182, 186 n.2 (5th Cir. 2004). Finally, because Thapa "has not presented any evidence that any public official in [Nepal] knows who []he is or would be willing to acquiesce in h[is] torture," he fails to demonstrate that the evidence compels a contrary conclusion from that of the IJ and BIA with respect to his claim for protection under the CAT. *Morales v. Sessions*, 860 F.3d 812, 818 (5th Cir. 2017).

His petition for review is DENIED.