# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

May 13, 2021

Lyle W. Cayce
Clerk

No. 20-60423
Summary Calendar

Subin Bhandari,

*Petitioner*,

*versus*

Merrick Garland, *U.S. Attorney General*,

*Respondent*.

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A201 753 164

Before Haynes, Willett, and Ho, *Circuit Judges*.

Per Curiam:*

Subin Bhandari, a native and citizen of Nepal, petitions for review of a decision by the Board of Immigration Appeals (BIA). He argues that the BIA erred in upholding the immigration judge's (IJ's) adverse credibility finding regarding portions of his testimony and in dismissing his appeal of the

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

IJ's denial of his applications for asylum, withholding of removal, and protection under the Convention Against Torture (CAT). Bhandari also moves for a stay of removal.

We generally review only the BIA's decision; the IJ's decision is reviewed only if, as here, it influenced the BIA. *See Singh v. Sessions*, 880 F.3d 220, 224 (5th Cir. 2018). Credibility findings, as well as determinations that an alien is not eligible for asylum, withholding of removal, or CAT relief, are factual findings. *Morales v. Sessions*, 860 F.3d 812, 817 (5th Cir. 2017); *Zhang v. Gonzales*, 432 F.3d 339, 344 (5th Cir. 2005). We review such factual findings for substantial evidence, requiring the alien to show that "the evidence was so compelling that no reasonable factfinder could conclude against it." *Wang v. Holder*, 569 F.3d 531, 536-37 (5th Cir. 2009) (quote at 537).

Here, the BIA upheld the IJ's adverse credibility finding with regard to Bhandari's testimony that the Maoists who had attacked him in December 2017 repeatedly looked for him at his parents' home thereafter and advised his parents in November 2018 that they were going to kill him. The IJ found implausible Bhandari's assertion that the attackers must have identified his parents and their homeplace through a network of spies. The BIA added that Bhandari had not identified any evidence of such a Maoist spy network in the country conditions documents and that Bhandari's supporting affidavits simply parroted his testimony.

The IJ and the BIA were entitled to consider the inherent plausibility of Bhandari's and his witnesses' statements and whether his testimony was consistent with other record evidence, such as country conditions documentation. *See Avelar-Oliva v. Barr*, 954 F.3d 757, 763-64 (5th Cir. 2020). Given that the IJ's adverse credibility finding was not clearly unreasonable under the totality of the circumstances, the BIA's decision to

No. 20-60423

uphold the finding was supported by substantial evidence. *See Morales*, 860 F.3d at 817.

The BIA acted properly in ruling that Bhandari's two prior incidents of verbal harassment and his single beating, which resulted in bruises and swelling that were treated at home, did not constitute past persecution. *See Gjetani v Barr*, 968 F.3d 393, 395-96, 399 (5th Cir. 2020) (indicating that three death threats and a single assault with a belt and a sharp metal object, resulting in knee and toe injuries requiring stitches, did not rise to the level of persecution); *Eduard v. Ashcroft*, 379 F.3d 182, 187-88 (5th Cir. 2004) (indicating that a verbal taunt and cuts on the head after being struck by a rock did not constitute persecution). The BIA also upheld the IJ's determination that Bhandari was not likely to suffer more extreme harm amounting to persecution upon returning to Nepal. As the BIA added, Bhandari failed to carry his burden of showing that relocation within Nepal was not a reasonable means to avoid future persecution by his attackers, who were private actors not sponsored by the government. *See* 8 C.F.R. § 1208.13(b)(3)(iii)-(iv). Contrary to Bhandari's contention, the IJ expressly considered the necessary regulatory factors by citing country conditions evidence in deciding that internal relocation was reasonable. *See* § 1208.13(b)(3). Thus, a reasonable factfinder would not be compelled to conclude that Bhandari demonstrated a well-founded fear of future persecution in Nepal. *See Wang*, 569 F.3d at 536-37.

An alien seeking withholding of removal must show a clear probability of persecution in his native country based on a protected ground. *Faddoul v. INS*, 37 F.3d 185, 188 (5th Cir. 1994). Since Bhandari has failed to demonstrate the well-founded fear of persecution required for asylum, he has necessarily also failed to make the higher showing required for withholding of removal. *See id.*; *see also Roy v. Ashcroft*, 389 F.3d 132, 138 (5th Cir. 2004).

An applicant for CAT relief must show a likelihood that "he would be tortured if returned to his home country." *Zhang*, 432 F.3d at 344-45; *see also* 8 C.F.R. § 1208.18(a)(1) (defining torture to include the intentional infliction, by a person acting in an official capacity, of severe pain or suffering for the purposes of punishment, intimidation, or coercion). Here again, since Bhandari has failed to show a well-founded fear of future harm rising to the level of persecution, he has likewise failed to satisfy "the higher bar" of likely torture. *See Roy*, 389 F.3d at 139-40 (quote at 140) (internal quotation marks and citation omitted).

In light of the foregoing, the BIA's factual findings that Bhandari was not entitled to asylum, withholding of removal, and CAT relief were supported by substantial evidence. *See Wang*, 569 F.3d at 536-37. Bhandari's petition for review is DENIED, and his motion for a stay of removal is DENIED as moot.