# United States Court of Appeals
# for the Fifth Circuit

---

No. 20-60282
Summary Calendar

---

United States Court of Appeals
Fifth Circuit

**FILED**
June 22, 2021

Lyle W. Cayce
Clerk

MARIA CONSUELO RUBIO-DE MACHUCA;
NELSON ANTONIO MACHUCA-RUBIO,

*Petitioners*,

*versus*

MERRICK GARLAND, *U.S. Attorney General*,

*Respondent*.

---

Petition for Review of an Order of
the Board of Immigration Appeals
No. A 209 232 363
No. A 209 232 369

---

Before KING, SMITH, and WILSON, *Circuit Judges*.

PER CURIAM:*

Maria Rubio-de Machuca and her derivative beneficiary, Nelson Machuca-Rubio, are natives and citizens of El Salvador. They petition for review of the decision of the Board of Immigration Appeals ("BIA")

---

* Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

No. 20-60282

dismissing their appeal of the denial by the immigration judge ("IJ") of their application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). Rubio-de Machuca contends that she was persecuted and fears future persecution based on her anti-gang political opinion and her membership in a particular social group, defined as "landowners who refuse to cooperate with gangs."

This court reviews the final decision of the BIA and will consider the IJ's decision only where it influenced the decision of the BIA. *Zhu v. Gonzales*, 493 F.3d 588, 593 (5th Cir. 2007). Factual findings are reviewed under the substantial-evidence standard; legal questions, *de novo*. *Wang v. Holder*, 569 F.3d 531, 536 (5th Cir. 2009). Under the substantial-evidence standard, this court may not reverse an immigration court's factual findings unless "the evidence was so compelling that no reasonable factfinder could conclude against it." *Id*. at 537. Among the findings of fact that this court reviews for substantial evidence is the conclusion that an applicant is not eligible for asylum, withholding of removal, or relief under the CAT. *Zhang v. Gonzales*, 432 F.3d 339, 344–45 (5th Cir. 2005).

To be eligible for asylum, Rubio-de Machuca must show that she is unable or unwilling to return to her country "because of persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion." 8 U.S.C. § 1101(a)(42)(A); *see* 8 U.S.C. § 1158(b)(1). Rubio-de Machuca has failed to show that the harm she suffered in El Salvador rises to the level of persecution or that she has a well-founded fear of future persecution on account of a protected ground. *See Majd v. Gonzales*, 446 F.3d 590, 595 (5th Cir. 2006). Because Rubio-de Machuca has failed to demonstrate her entitlement to asylum, she has also failed to demonstrate her entitlement to withholding of removal. *See id.*

No. 20-60282

Rubio-de Machuca has also failed to establish that, more likely than not, she would be tortured with the acquiescence of a governmental official if removed to El Salvador. *See Ramirez-Mejia v. Lynch*, 794 F.3d 485, 493 (5th Cir. 2015); *see also Morales v. Sessions*, 860 F.3d 812, 818 (5th Cir. 2017) (defining "torture" for purposes of the CAT). Her claim that she will be tortured based on generalized social conditions in El Salvador is too speculative to support relief under the CAT and is insufficient to compel reversal under the substantial-evidence standard. *See Ramirez-Mejia*, 794 F.3d at 493–94.

Finally, Rubio-de Machuca avers, for the first time on appeal, that the immigration court lacked jurisdiction to enter a removal order because she was issued a notice to appear that did not state the time and place of her immigration hearing. Because Rubio-de Machuca did not exhaust her administrative remedies as to that issue, that portion of the petition is dismissed for lack of jurisdiction. *See Pierre-Paul v. Barr*, 930 F.3d 684, 690–92 (5th Cir. 2019), *cert. denied*, 140 S. Ct. 2718 (2020), *abrogated in part on other grounds by Niz-Chavez v. Garland*, 141 S. Ct. 1474 (2021); *Flores-Abarca v. Barr*, 937 F.3d 473, 477–78 (5th Cir. 2019).

Accordingly, the petition for review is DISMISSED IN PART and DENIED IN PART.