# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

March 31, 2022

Lyle W. Cayce
Clerk

No. 21-60168
Summary Calendar

Valeria Aguilina Acacihua-Flores,

*Petitioner*,

*versus*

Merrick Garland, *U.S. Attorney General*,

*Respondent*.

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A208 752 224

Before Smith, Stewart, and Graves, *Circuit Judges*.

Per Curiam:[*]

Valeria Aguilina Acacihua-Flores, a native and citizen of Mexico, petitions for review of an order by the Board of Immigration Appeals (BIA) dismissing her appeal from the denial of her application for asylum, withholding of removal, and protection under the Convention Against

---

[*] Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

Torture (CAT). This court reviews the BIA's decision and considers the IJ's decision only to the extent it influenced the BIA. *Singh v. Sessions*, 880 F.3d 220, 224 (5th Cir. 2018). This court reviews findings of fact, including the determination that an alien is ineligible for asylum, withholding of removal, and CAT protection, under the substantial evidence standard. *Zhang v. Gonzales*, 432 F.3d 339, 344 (5th Cir. 2005). Under the substantial evidence standard, this court may not overturn a factual finding unless the evidence compels a contrary result. *Martinez-Lopez v. Barr*, 943 F.3d 766, 769 (5th Cir. 2019).

An alien may establish eligibility for asylum and withholding by showing, in pertinent part, that she has a well-founded fear of future persecution on account of a protected ground such as membership in a particular social group (PSG). *Orellana-Monson v. Holder*, 685 F.3d 511, 518 (5th Cir. 2012); *see also* 8 U.S.C. § 1101(a)(42)(A); 8 U.S.C. § 1158(b)(1). Because Acacihua-Flores has not shown error in connection with the BIA's conclusion that she had not established membership in a cognizable PSG, she does not show that substantial evidence compels a conclusion contrary to that of the BIA on the question whether she was eligible for asylum and withholding. *See Orellana-Monson*, 685 F.3d at 518; *Zhang*, 432 F.3d at 344.

Her conclusional assertion that she will likely be tortured if repatriated does not suffice to show that substantial evidence compels a conclusion contrary to that of the BIA on the issue whether she is eligible for CAT protection. *See Morales v. Sessions*, 860 F.3d 812, 818 (5th Cir. 2017); *Martinez-Lopez*, 943 F.3d at 769. Finally, while we have the discretion to dismiss an appeal without prejudice in limited cases where a party has filed a motion to stay further proceedings in accordance with Fifth Circuit Rule 27.1.3, no such motion has been submitted, so this procedure is inappropriate in this case. *See* 5TH CIR. R. 42.4. The motion to dismiss without prejudice and petition for review are DENIED.