# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
September 16, 2022

Lyle W. Cayce
Clerk

No. 21-60905
Summary Calendar

Karla Jesenia Martinez-Montes; Emily Gisselle
Hernandez-Martinez,

*Petitioners*,

*versus*

Merrick Garland, *U.S. Attorney General*,

*Respondent*.

Petition for Review of an Order of the
Board of Immigration Appeals
Agency Nos. A208 903 835; A208 903 836

Before Wiener, Elrod, and Engelhardt, *Circuit Judges*.

Per Curiam:*

Petitioners Karla Jesenia Martinez-Montes and her minor daughter, natives and citizens of Honduras, timely petition us for review of a decision

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

of the Board of Immigration Appeals (BIA) denying their asylum, withholding of removal, and Convention Against Torture (CAT) claims.

On petition for review of a BIA decision, we review factual findings for substantial evidence and questions of law de novo. *Lopez-Gomez v. Ashcroft*, 263 F.3d 442, 444 (5th Cir. 2001). The substantial-evidence standard applies to review of decisions denying asylum, withholding of removal, and relief under the CAT. *Zhang v. Gonzales*, 432 F.3d 339, 344 (5th Cir. 2005). This standard requires that the BIA's conclusion be based on the evidence presented and that its decision be substantially reasonable. *Id.* Under this standard, reversal is improper unless the evidence compels a contrary conclusion. *Carbajal-Gonzalez v. INS*, 78 F.3d 194, 197 (5th Cir. 1996). When the BIA adopts the IJ's decision without assigning reasons, this court reviews the IJ's decision. *Zhu v. Gonzales*, 493 F.3d 588, 593 (5th Cir. 2007). Here, the BIA issued a decision but relied on the underlying factual findings of the IJ, so this court may review those findings.

We are not compelled to find that Martinez-Montes has proved the elements of her past or future persecution asylum claim. At issue here is the proposed social group "women of domestic violence," but this group is foreclosed by our precedent. *Jaco v. Garland*, 24 F.4th 395, 403-07 (5th Cir. 2021). Without this element, the asylum claim fails, so analysis of the other elements is unnecessary. *See INS v. Bagamasbad*, 429 U.S. 24, 25-26 (1976). The withholding claim necessarily fails when the asylum claim fails. *See Dayo v. Holder*, 687 F.3d 653, 658-59 (5th Cir. 2012).

Apart from membership in a Particular Social Group (PSG), Martinez-Montes alleges that her belief that the government and police in Honduras are corrupt is a protected political opinion. She asserts that the government persecutes citizens by declining to help them, but does not explicitly argue political opinion as a basis of her own persecution. And

No. 21-60905

neither did she raise this argument before the BIA.  Thus, we are deprived of jurisdiction because she failed to exhaust.  *See Omari v. Holder*, 562 F.3d 314, 319 (5th Cir. 2009) (holding that the 8 U.S.C. § 1252(d)(1) exhaustion requirement is jurisdictional).

We are not compelled to conclude that Martinez-Montes has proved the elements of her CAT claim.  The IJ correctly noted that she has not alleged danger from government officials, nor has she sought protection from law enforcement such that she could allege willful blindness regarding her protection.  *See Morales v. Sessions*, 860 F.3d 812, 818 (5th Cir. 2017).

*        *        *

For these reasons, the petition for review is DENIED in part and DISMISSED in part.