# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fif h Circuit

**FILED**

June 27, 2017

Lyle W. Cayce
Clerk

No. 15-60761

JOHANA DEL CARMEN HERRERA MORALES, also known as Johana del Carmen,

      Petitioner

v.

JEFFERSON B. SESSIONS, III, U. S. ATTORNEY GENERAL,

      Respondent

---

Petition for Review of an Order of the
Board of  Immigration Appeals

---

Before DAVIS, JONES, and SOUTHWICK, Circuit Judges.

W. EUGENE DAVIS, Circuit Judge:

Johana Del Carmen Herrera Morales ("Petitioner") is a ten-year-old native and citizen of El Salvador, who is in the United States illegally, and who admits that she is removable. However, in an effort to remain in the United States, Petitioner has filed an application for asylum, withholding of removal pursuant to the Immigration and Nationality Act ("INA"), and withholding of removal pursuant to United Nations Convention Against Torture (CAT). An Immigration Judge (IJ) denied Petitioner's application, and the Board of Immigration Appeals (BIA) affirmed. Petitioner has now filed a petition for

No. 15-60761

review asking us to reverse the BIA. For the reasons set out below, the petition for review is DENIED.

## I.

We have jurisdiction to decide this appeal pursuant to 8 U.S.C. § 1252(b).[1] Our review encompasses both "the BIA's decision and . . . the IJ's decision to the extent that it influenced the BIA."[2]

## II.

## A.

Both the Attorney General and the Secretary of Homeland Security have the authority to grant asylum to aliens who possess a well-founded fear that, if returned to their country of nationality, they will be persecuted on account of race, religion, nationality, membership in a particular social group, or political opinion.[3] A "well-founded fear" is both subjectively genuine and objectively reasonable.[4]

Petitioner claims to possess a well-founded fear that, if returned to El Salvador, she will be persecuted by: (1) Rene Menjivar Garcia, and (2) Antonio Campos. We address each potential persecutor separately and in turn.

## 1.

Petitioner raises two arguments as to Menjivar, who is an El-Salvadorian gang-member, who assaulted Petitioner and her mother in September 2013, and who extorted Petitioner's mother for approximately nine months thereafter.

First, Petitioner asserts that the BIA erroneously relied upon *Castillo-Enriquez v. Holder*, 690 F.3d 667, 668 (5th Cir. 2012), and *Thuri v. Ashcroft*,

---

[1] *See Efe v. Ashcroft*, 293 F.3d 899, 903 (5th Cir. 2002).

[2] *Shaikh v. Holder*, 588 F.3d 861, 863 (5th Cir. 2009).

[3] *See* 8 U.S.C. §1158(b)(1)(A) (referring to 8 U.S.C. § 1101(a)(42)(A)).

[4] *See Orellana-Monson v. Holder*, 685 F.3d 511, 518 (5th Cir. 2012); *Eduard v. Ashcroft*, 379 F.3d 182, 189 (5th Cir. 2004).

No. 15-60761

380 F.3d 788, 792—93 (5th Cir. 2004), to hold that the "nuclear family" does not constitute a cognizable "social group." This assertion finds no basis in law or fact. The BIA cited *Castillo-Enriquez* and *Thuri* for the proposition that a "gang member's demands for money reflect[] his pursuit of a criminal purpose, which is not a protected ground for asylum." That is an accurate reflection of our holdings in *Castillo-Enriquez* and *Thuri*, and the BIA was bound to apply our precedent in this case.[5]

Second, Petitioner asserts that the BIA erred in failing "to consider the uncontroverted evidence that Petitioner's mother had been assaulted before fleeing . . . El Salvador." Neither we nor the BIA has ever held that an alien can seek asylum based upon the alleged past-persecution of another. Yet Petitioner apparently believes that if she can establish that her mother was the victim of past-persecution, that past-persecution can be imputed to her based upon the fact that she and her mother are a part of the same immediate family, which the BIA has held "may constitute a particular social group."[6]

Petitioner's reasoning is flawed. The alleged past-persecution of Petitioner's mother cannot be imputed to Petitioner. The only assault relevant to Petitioner's asylum application is the assault that Menjivar inflicted upon Petitioner. And the facts surrounding that assault are undisputed.

Menjivar's assault of Petitioner was an isolated, verbal threat of future violence. When presented with evidence of past-persecution, we infer a well-founded fear of future persecution.[7] The BIA held that Menjivar's assault of Petitioner did not rise to the level of past-persecution. Whether a prior assault

---

[5] *See Matter of Singh*, 25 I. & N. Dec. 670, 672 (BIA 2012) (noting that the BIA applies the law of the circuit in which the case arises).

[6] *See Matter of L-E-A-, Respondent*, 27 I. & N. Dec. 40, 42 (BIA 2017).

[7] *See* 8 C.F.R. § 1208.13(b)(1).

No. 15-60761

rises to the level of past-persecution is a question of law that we review de novo.[8]

Persecution is the "infliction of suffering or harm, under government sanction, upon persons who differ in a way regarded as offensive . . . , [and] in a manner condemned by civilized governments. The harm or suffering need not be physical,"[9] but the persecutor must be said to have engaged in "extreme conduct."[10] Examples of persecution include, but are not limited to, "threats to life, confinement, torture, and economic restrictions so severe that they constitute a threat to life or freedom."[11]

Petitioner's receipt of a "single threat . . . does not constitute past persecution."[12] "Persecution . . . is an extreme concept that does not include every sort of treatment our society regards as offensive."[13] To that end, persecution generally "requires more than a few isolated incidents of verbal harassment or intimidation."[14]

Accordingly, we affirm the BIA's holding that Menjivar has not instilled in Petitioner a well-founded fear of persecution.

**2.**

Petitioner raises one argument as to Campos, who is the ex-boyfriend of Petitioner's mother ("Morales"). Morales testified that Campos was devastated when she broke up with him, and threatened to "take out" his anger on Petitioner. Specifically, Morales recalled repeated conversations in which

---

[8] *See Rui Yang v. Holder*, 664 F.3d 580, 584 (5th Cir. 2011)

[9] *Abdel-Masieh v. U.S. I.N.S.*, 73 F.3d 579, 583 (5th Cir. 1996) (internal quotations omitted).

[10] *Tesfamichael v. Gonzales*, 469 F.3d 109, 116 (5th Cir. 2006).

[11] *Fei Mei Cheng v. Attorney Gen. of U.S.*, 623 F.3d 175, 192 (3d Cir. 2010) (internal quotations omitted).

[12] *Li v. I.N.S.*, 33 F. App'x 353, 354 (9th Cir. 2002) (unpublished).

[13] *Fei Mei Cheng*, 623 F.3d at 192.

[14] *Mikhailevitch v. I.N.S.*, 146 F.3d 384, 390 (6th Cir. 1998).

No. 15-60761

Campos described Petitioner as "very pretty, that she was growing up fast, and that . . . if I did not want to be with him, that for me to be careful because he might abuse her."

The IJ found Morales's testimony not "entirely credible," based upon the fact that Morales did not mention Campos in the asylum application that she prepared for Petitioner. The IJ went on to write that "[e]ven if I were to consider [Morales's testimony credible], which I do not, the record does not reflect that" Campos ever persecuted Petitioner.

The BIA affirmed, in part, because the IJ's "adverse credibility finding [was] not clearly erroneous" and "[w]ithout credible testimony, [Petitioner] cannot establish" that Compos subjected her to past-persecution. Credibility determinations are factual findings that we review for substantial evidence.[15] This deferential standard requires us to affirm unless it is clear, "from the totality of the circumstances, . . . that no reasonable fact-finder could make such an adverse credibility ruling."[16]

Petitioner raises, in this Court, the same argument that she raised before the IJ and before the BIA: that Morales failed to mention Campos in Petitioner's asylum application because she was, at the time, entirely focused on the threat posed by Menjivar.[17] This argument, even accepted as true, does not warrant our reversal. Neither an IJ nor the BIA is required to accept a petitioner's "explanation for [the] plain inconsistencies in her story."[18] And "[t]his is not a situation where Petitioner[] failed to remember non-material,

---

[15] *Vidal v. Gonzales*, 491 F.3d 250, 254 (5th Cir. 2007).

[16] *Wang v. Holder*, 569 F.3d 531, 538 (5th Cir. 2009) (internal quotations omitted).

[17] Petitioner also asserts that the IJ failed to appreciate the "confusing, overwhelming, and intimidating" nature of Morales's initial interview. Pet. Br. at 19. However, Petitioner has failed to explain how the conditions surrounding Morales's initial *interview* impacted what was ultimately *written* on Petitioner's asylum application.

[18] *Zeqiri v. Mukasey*, 529 F.3d 364, 371 (7th Cir. 2008) (internal quotations omitted).

trivial details that [are] only incidentally related to [her] claim of persecution."[19] Petitioner's asylum application fails to mention *half* of the reason that she claims to possess a well-founded fear of persecution. This omission, in and of itself, justifies the BIA's refusal to overturn the IJ's adverse credibility determination.

Accordingly, we affirm the BIA's holding that Campos has not instilled in Petitioner a well-founded fear of persecution.

**B.**

Pursuant to the Immigration and Nationality Act ("INA"), the Attorney General may not remove an alien to a country in which there is a clear probability that the alien's life or freedom will be threatened based upon the alien's race, religion, nationality, membership in a particular social group, or political opinion.[20] This standard "is even higher than the standard for asylum."[21] Moreover, an alien who is ineligible for asylum is not entitled to withholding of removal pursuant to the INA.[22]

Accordingly, because we affirm the BIA's holding that Petitioner is ineligible for asylum, we also affirm the BIA's holding that Petitioner is not entitled to withholding of removal pursuant to the INA.

**C.**

Pursuant to the United Nations Convention Against Torture ("CAT"), which "became binding on the United States in November of 1994,"[23] the United States may not remove an alien to a country in which the alien is more

---

[19] *Kin v. Holder*, 595 F.3d 1050, 1057 (9th Cir. 2010).

[20] *Garcia v. Holder*, 756 F.3d 885, 890 (5th Cir. 2014); *see also* 8 C.F.R. § 208.16(b); 8 U.S.C. § 1231(b)(3).

[21] *Orellana-Monson*, 685 F.3d at 518.

[22] *See id.*

[23] *See Zubeda v. Ashcroft*, 333 F.3d 463, 471 (3d Cir. 2003).

likely than not to be tortured.[24] "Torture is defined as any act by which severe pain or suffering, whether physical or mental, is intentionally inflicted on a person" by a public official, at the instigation of a public official, with the consent of a public official, or with the acquiescence of a public official.[25]

The IJ denied Petitioner's request for withholding of removal pursuant to CAT, and the BIA affirmed. Specifically, the BIA held that Petitioner has not demonstrated that she will more likely than not be tortured "by, or with the acquiescence of, a public official" in El Salvador.

Petitioner argues that there is another "permissible view of the evidence" and for that reason, we should reverse. We, however, review "[t]he BIA's conclusion that an alien is not eligible for withholding of removal . . . under . . . CAT . . . for substantial evidence."[26] And "[u]nder the substantial evidence standard, reversal is improper unless" the evidence both supports and compels a contrary result.[27]

The evidence in this case does not compel a contrary result. Petitioner has not presented any evidence that: (1) she will "more likely than not . . . be tortured upon [her] return to" El Salvador, and (2) any such torture will involve "sufficient state action."[28] Petitioner's presentation of various news articles and reports describing El Salvador as particularly dangerous for unnamed women and children warrants our "sympathy," but the allegations contained

---

[24] *See Xiao Fei Zheng v. Holder*, 644 F.3d 829, 835 (9th Cir. 2011) (citing 8 C.F.R. § 1208.16(c)(4)); *see also* 8 C.F.R. § 1208.16(d)(2) (recognizing an exception for those "convicted of a particularly serious crime");

[25] *See Roy v. Ashcroft*, 389 F.3d 132, 140 (5th Cir. 2004) (quoting 8 C.F.R. § 208.18(a)(1)); *see also Efe*, 293 F.3d at 906–07 (noting that although an alien seeking relief pursuant to CAT must meet a "higher [evidentiary] bar" than an alien seeking asylum, the two claims are "separate . . . and should receive separate analytical attention").

[26] *See Barbosa-Ferreira v. Holder*, 526 F. App'x 411, 413 (5th Cir. 2013) (unpublished).

[27] *Chen v. Gonzales*, 470 F.3d 1131, 1134 (5th Cir. 2006).

[28] *Iruegas-Valdez v. Yates*, 846 F.3d 806, 812 (5th Cir. 2017) (quoting *Garcia*, 756 F.3d at 891).

in those articles and reports are too general to warrant "relief under the Convention Against Torture."[29] Petitioner has not presented any evidence that any public official in El Salvador knows who she is or would be willing to acquiesce in her torture. Petitioner's assertion that she – specifically – will more likely than not be tortured "rests wholly upon surmise and speculation."[30]

Accordingly, we affirm the BIA's holding that Petitioner is not entitled to withholding of removal pursuant to CAT.

### III.

The petition for review is DENIED.[31]

---

[29] *See Tamara-Gomez v. Gonzales*, 447 F.3d 343, 351—52 (5th Cir. 2006).

[30] *See Montgomery-Ward & Co. v. Sewell*, 205 F.2d 463, 468 (5th Cir. 1953) (describing a plaintiff's burden under the preponderance of the evidence standard).

[31] Petitioner's motion to hold this appeal in abeyance is also DENIED. In *Matter of L-E-A-, Respondent*, the BIA held that the immediate family "may constitute a particular social group." 27 I. & N. Dec. at 42. This is a question that we have not addressed, *see Ramirez-Mejia v. Lynch*, 794 F.3d 485, 493 (5th Cir. 2015) ("The IJ concluded that Ramirez–Mejia's family did not meet the 'particularity' and 'social visibility' requirements of a 'particular social group.' It also concluded that she did not establish that she was persecuted 'on account of' her membership in her family. The BIA affirmed based on the latter rationale and declined to address whether Ramirez–Mejia's family constituted a 'particular social group.' We agree with that conclusion and likewise do not address whether her family was a particular social group."), and need not address where, as here, Petitioner has not demonstrated that she possesses a well-founded fear of persecution irrespective of social group, *see supra* pp. 2—5.