# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

February 3, 2021

Lyle W. Cayce
Clerk

No. 20-60039
Summary Calendar

Angel Fabricio Lobo Moran, *also known as* Angel Fabricio Lobo,

*Petitioner*,

*versus*

Robert M. Wilkinson, *Acting U.S. Attorney General*,

*Respondent*.

---

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A200 221 040

---

Before Wiener, Southwick, and Duncan, *Circuit Judges*.

Per Curiam:[*]

Angel Fabricio Lobo Moran, a native and citizen of Honduras, petitions for review of the Board of Immigration Appeals' (BIA) dismissal of his appeal from the immigration judge's (IJ) decision denying his application

---

[*] Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 20-60039

for withholding of removal and protection under the Convention Against Torture (CAT).

This court reviews only the BIA's decision, "unless the IJ's decision has some impact on the BIA's decision." *Wang v. Holder*, 569 F.3d 531, 536 (5th Cir. 2009) (citation omitted). This court reviews factual findings under the substantial evidence standard and legal questions de novo, giving deference to the BIA's interpretation of any ambiguous immigration statutes. *Orellana-Monson v. Holder*, 685 F.3d 511, 517-18 (5th Cir. 2012). We review for substantial evidence the conclusion that an alien is not eligible for asylum, withholding of removal, and relief under the CAT. *Chen v. Gonzales*, 470 F.3d 1131, 1134 (5th Cir. 2006) (citations omitted).

First, Lobo Moran argues that the IJ erred in denying his petition for withholding of removal despite substantial evidence that, if removed, he would suffer persecution on account of his membership in a particular social group consisting of young men in Honduras who are targeted by gang members because of their connection to the United States. We have declined to recognize as PSGs various permutations of groups of individuals who are subjected to gang violence based on their refusal to join gangs or accede to their demands, *see Orellana-Monson*, 685 F.3d at 521-22, or groups that are overly broad and encompass a wide cross-section of a country's population, *see Gonzales-Veliz v. Barr*, 938 F.3d 219, 232 (5th Cir. 2019). Lobo Moran simply fails to show that his proposed PSG is more than a "catch all" of persons fearing persecution. *See Orellana-Monson*, 685 F.3d at 518-19. Because Lobo Moran fails to show that he is a member of a particular social group, he is ineligible for withholding of removal. *See id.* at 522 ("Since they are not members of a particular social group, they cannot press for withholding of removal.").

No. 20-60039

Second, Lobo Moran argues that the BIA erred in dismissing his claim for protection under the CAT. Lobo Moran claims that he will be killed for not joining the 18th Street Gang if he is returned to Honduras and that such action would be taken with the acquiescence of the Honduran government. However, he fails to offer sufficient evidence to compel a conclusion that it is more likely than not that he would be tortured if removed to his home country. *See Ramirez-Mejia v. Lynch*, 794 F.3d 485, 493 (5th Cir. 2015); *see also Morales v. Sessions*, 860 F.3d 812, 818 (5th Cir. 2017) (defining "torture" for purposes of the CAT). He fails to show that he was tortured in the past and he concedes that—if returned to Honduras—he would move outside of the city where he would be safer from gang activity. *See* 8 C.F.R. § 1208.16(c)(3). Indeed, Lobo Moran offers no more than general evidence of widespread gang violence and police inaction which is insufficient to compel a conclusion that a public official would acquiesce in gang members' attempts to harm him if he were removed to Honduras. *See Ramirez-Mejia*, 794 F.3d at 493.

Thus, the petition for review is DENIED.