# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

April 16, 2021

Lyle W. Cayce
Clerk

No. 19-60783
Summary Calendar

Darwin Christopher Caliz,

*Petitioner*,

*versus*

Robert M. Wilkinson, *Acting U.S. Attorney General*,

*Respondent*.

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A216 074 537

Before Higginbotham, Jones, and Costa, *Circuit Judges*.

Per Curiam:*

    Darwin Christopher Caliz, a native and citizen of Belize, petitions this court for review of an order of the Board of Immigration Appeals (BIA) dismissing his appeal of an Immigration Judge's (IJ) denial of asylum,

---

    * Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

withholding of removal, and protection under the Convention Against Torture (CAT).

Caliz's claim that the IJ lacked jurisdiction over his removal proceedings because the Notice to Appear (NTA) served on him failed to set the date and time for his initial hearing is foreclosed. *See Pierre-Paul v. Barr*, 930 F.3d 684, 690-92 (5th Cir. 2019), *cert. denied*, 140 S. Ct. 2718 (2020). Caliz failed to exhaust both his claim that he is eligible for cancellation of removal because he did not receive proper statutory notice of his removal hearing and his claim that he merited an award of humanitarian asylum; thus, we lack jurisdiction to consider them. *See Omari v. Holder*, 562 F.3d 314, 318-19 (5th Cir. 2009).

We review the findings and conclusions of the BIA and the decision of the IJ to the extent that it influenced the BIA. *See Zhu v. Gonzales*, 493 F.3d 588, 593 (5th Cir. 2007). Whether an alien is eligible for asylum, withholding of removal, and relief under the CAT are factual findings reviewed for substantial evidence. *Wang v. Holder*, 569 F.3d 531, 536 (5th Cir. 2009); *Zhang v. Gonzales*, 432 F.3d 339, 344-45 (5th Cir. 2005). Whether conduct rises to the level of persecution is an issue of law we review de novo. *Morales v. Sessions*, 860 F.3d 812, 816 (5th Cir. 2017); *Zhu*, 493 F.3d at 594.

The lone death threat directed at Caliz's father by Caliz's uncle neither constituted persecution nor sufficed to instill in Caliz a well-founded fear of future persecution. *See Morales*, 860 F.3d at 816. Accordingly, the BIA's finding that Caliz was ineligible for asylum based on his failure to establish past persecution or a well-founded fear of future persecution is supported by substantial evidence. *See id.*; *Wang*, 569 F.3d at 536-37. Because Caliz failed to demonstrate his entitlement to asylum, he also failed to demonstrate his entitlement to withholding of removal. *See Efe v. Ashcroft*, 293 F.3d 899, 906 (5th Cir. 2002). Caliz also failed to establish that he more

No. 19-60783

likely than not would be tortured by his uncle with the acquiescence of a governmental official if removed to Belize. *See Morales*, 860 F.3d at 818. His claim that he will be tortured based on generalized social conditions in Belize is too speculative to support CAT relief and is insufficient to compel reversal under the substantial evidence standard. *See id.*

Accordingly, Caliz's petition for review is DENIED in part and DISMISSED in part.