# United States Court of Appeals
## for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
August 26, 2021

Lyle W. Cayce
Clerk

No. 20-60095
Summary Calendar

DALWINDER SINGH,

*Petitioner*,

*versus*

MERRICK GARLAND, *U.S. Attorney General*,

*Respondent*.

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A201 735 552

Before DAVIS, JONES, and ELROD, *Circuit Judges*.

PER CURIAM:*

Dalwinder Singh, a native and citizen of India, petitions us to review the Board of Immigration Appeals' approval of his order of removal. He argues that he has proven the elements of his asylum claim for past persecution and fear of future persecution. He further asserts the he has

---

* Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

shown he will be tortured in the future.  The Board rejected Singh's appeal of his past persecution claim on the grounds of the harm he described not being extreme enough.  The Board also rejected Singh's fear of future persecution claim because Singh did not show relocation within his home country would be unreasonable.  We review decisions of the Board with deference and so overturn their conclusions only when the evidence compels us. *See Carbajal-Gonzalez v. INS*, 78 F.3d 194, 197 (5th Cir. 1996).

Persecution for the purposes of a past persecution asylum claim must be extreme conduct.  *Majd v. Gonzales*, 446 F.3d 590, 595 (5th Cir. 2006); *see also Orellana-Monson v. Holder*, 685 F.3d 511, 518 (5th Cir. 2012).  Our precedent holds that harm analogous to what Singh described experiencing does not rise to the level of persecution.  *See, e.g., Abdel-Masieh v. INS*, 73 F.3d 579, 584 (5th Cir. 1996); *Eduard v. Ashcroft*, 379 F.3d 182, 187-88 (5th Cir. 2004).  Therefore, the Board's decision is in line with the law of this circuit.

Asylum can also be based on a reasonable fear of future persecution. *Lopez-Gomez v. Ashcroft*, 263 F.3d 442, 444-45 (5th Cir. 2001).  That fear must be subjectively reasonable, which is not at issue here because Singh is credible.  However, that fear must also be objectively reasonable and the law states that this element is not fulfilled when internal relocation is reasonable. 8 C.F.R. § 208.13(b)(2)(ii).  Reviewing the evidence does not compel us to find that relocation is unreasonable in this case.

Finally, we are not compelled to find that Singh will be tortured in the future and that the Indian Government will acquiesce to that torture.  An alien seeking CAT protection must demonstrate that it is more likely than not that he will be tortured in his home country "at the instigation of or with the consent or acquiesce of a public official or other person acting in an official capacity."  8 C.F.R. §§ 1208.16(c)(2), 1208.18(a)(1).  Acquiescence

No. 20-60095

"requires that the public official, prior to the activity constituting torture, have awareness of such activity and thereafter breach his or her legal responsibility to intervene to prevent such activity." 8 C.F.R. § 1208.18(a)(7). Singh argues that his local police did not protect him in the past, but he cannot show that these police officers or any government official would acquiesce to his torture. *See Morales v. Sessions*, 860 F.3d 812, 818 (5th Cir. 2017) (an alien's CAT claim could not succeed because it "rests wholly upon surmise and speculation" (internal quotation marks and citation omitted)).

DENIED.