# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

July 25, 2022

Lyle W. Cayce
Clerk

No. 21-60192
Summary Calendar

Yu Xing Zhu,

*Petitioner*,

*versus*

Merrick Garland, *U.S. Attorney General*,

*Respondent*.

Petition for Review of an Order of the
Board of Immigration Appeals
Agency No. A206 894 070

Before Jolly, Willett, and Engelhardt, *Circuit Judges*.

Per Curiam:*

Yu Xing Zhu, a native and citizen of the People's Republic of China, has filed a petition for review of a decision by the Board of Immigration Appeals (BIA) dismissing her appeal from the decision of an immigration judge (IJ) denying asylum, withholding of removal, and relief under the

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 21-60192

Convention Against Torture (CAT).    Zhu asserted that she faced persecution for participating in Christian meetings that were not approved by the Chinese government.    The IJ determined that Zhu was not credible.

A credibility determination will not be overturned unless the evidence compels a finding that the applying alien must be believed. *Wang v. Holder*, 569 F.3d 531, 538-40 (5th Cir. 2009).    The record contained several inconsistencies and discrepancies regarding Zhu's reasons for coming to the United States, her baptism, an arrest, and whether she has relatives in New York.[1]    Zhu has failed to demonstrate that, under the totality of the circumstances, no reasonable factfinder could make the adverse credibility finding. *See id.*    Although Zhu offers explanations for the inconsistences in her accounts, the BIA was not required to accept them.    *See Morales v. Sessions*, 860 F.3d 812, 817 (5th Cir. 2017).

Her arguments about withholding of removal and CAT relief are conclusional and based largely on evidence not in the record.    Moreover, the adverse credibility finding is fatal to all of her claims because there is no credible evidence or independent nontestimonial evidence to support them. *See Dayo v. Holder*, 687 F.3d 653, 658-59 (5th Cir. 2012); *cf. Arulnanthy v. Garland*, 17 F.4th 586, 597-98 (5th Cir. 2021).

Accordingly, Zhu's petition for review is DENIED.

---

[1] Some of these inconsistencies are discussed in the IJ's decision rather than the BIA's opinion. Although we ordinarily review only the BIA's reasoning, we may also review the IJ's decision to the extent it influences or is adopted by the BIA's decision, *Vetcher v. Barr*, 953 F.3d 361, 366 (5th Cir. 2020), as is the case here.