# United States Court of Appeals
# for the Fifth Circuit

———————————

No. 22-60279
Summary Calendar

———————————

United States Court of Appeals
Fifth Circuit

**FILED**
March 14, 2023

Lyle W. Cayce
Clerk

SANTOS ADOLFO AVALOS; ADOLFO AVALOS-AVILES; CRISTIAN ADORIS AVALOS-AVILES; GRILSLEDA CAROLINA AVILES-DE AVALOS; LUCIA ANABEL AVALOS-AVILES,

*Petitioners*,

*versus*

MERRICK GARLAND, *U.S. Attorney General*,

*Respondent*.

———————————————————————

Petition for Review of an Order of the
Board of Immigration Appeals
Agency Nos. A209 123 826, A209 123 825,
A209 123 827, A209 123 838, A209 123 832

———————————————————————

Before Jones, Stewart, and Haynes, *Circuit Judges*.

Per Curiam:[*]

Santos Adolfo Avalos, a native and citizen of El Salvador, entered the United States illegally with his wife and three children in 2016.[1] He petitions for review of a decision of the Board of Immigration Appeals (BIA) dismissing his appeal and affirming the immigration judge's (IJ's) denial of asylum, withholding of removal, and protection under the Convention Against Torture (CAT).

This court reviews the BIA's decision and considers the IJ's decision only to the extent it influenced the BIA. *Orellana-Monson v. Holder*, 685 F.3d 511, 517 (5th Cir. 2012). The BIA's factual findings are reviewed for substantial evidence, and its legal conclusions are reviewed de novo. *Id.* The substantial evidence test "requires only that the BIA's decision be supported by record evidence and be substantially reasonable." *Omagah v. Ashcroft*, 288 F.3d 254, 258 (5th Cir. 2002). This court will not reverse the BIA's factual findings unless the evidence compels a contrary conclusion. *Orellana-Monson*, 685 F.3d at 518. The determination that an alien is not eligible for asylum, withholding of removal, or CAT relief is a factual finding that this court reviews for substantial evidence. *Zhang v. Gonzales*, 432 F.3d 339, 344 (5th Cir. 2005).

Avalos argues that the BIA erred in finding that the harm he suffered in El Salvador did not rise to the level of past persecution.[2] He further argues that the BIA erred in finding that he failed to show the requisite nexus

---

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

[1] Avalos's wife's name is misspelled in the case caption. The correct spelling is Gricelda, as reflected in Avalos's asylum application and as used throughout the immigration proceedings.

[2] Because Avalos is the lead petitioner and his family member's claims for immigration relief are derivative of his claim, this opinion will hereinafter refer only to Avalos unless otherwise specified.

between the harm he suffered and feared and a protected ground. Additionally, he challenges the denial of protection under the CAT.[3]

Avalos testified that during a dispute with one of his employees, the employee told him that while he might be the boss in the factory, he was "nothing" on the streets. Although it was not explicit, Avalos testified that he took the employee's statement as a death threat. Even if the employee's vague threat that Avalos was "nothing" on the streets could be taken as a death threat, this court has held that "threats that are exaggerated, non-specific, or lacking in immediacy" will not suffice to show persecution. *Qorane v. Barr*, 919 F.3d 904, 910 (5th Cir. 2019) (internal quotation marks and citation omitted).

Additionally, Avalos testified that as he was leaving work, he was attacked by three MS-13 gang members who kicked him and pushed him over a fence. As the IJ observed, however, Avalos "did not suffer any serious or long-lasting injuries" from the incident, nor did his testimony reveal "a continuing effort" by the gangs to harm him physically. In other words, Avalos's beating by the gang members did not have "the quality of a *sustained*, systematic effort" required to show persecution.[4] *Gjetani v. Barr*, 968 F.3d 393, 397 (5th Cir. 2020). As such, the BIA reasonably found that

_____

[3] Avalos makes several other arguments in his opening brief, including that: he has a subjectively and objectively reasonable fear of persecution in El Salvador, his family-based particular social group is legally cognizable, the Salvadoran government is unable or unwilling to protect him from the gangs, and he cannot reasonably relocate to avoid the gangs. While the IJ made findings on some, but not all of these issues, the BIA did not rely on any of them in affirming the IJ's decision. As such, we need not consider Avalos's arguments on these issues. *See Rui Yang v. Holder*, 664 F.3d 580, 584 n.3 (5th Cir. 2011).

[4] Avalos filed the sole asylum application in this case and listed his son as a derivative beneficiary. Accordingly, the separate incident where his son was attacked by gang members after school, along with any other threats his son received, are not part of Avalos's claim for asylum. *See Morales v. Sessions*, 860 F.3d 812, 816 (5th Cir. 2017).

the events that Avalos described in his testimony did not rise to the level of past persecution.[5] *See Omagah*, 288 F.3d at 258.

Avalos also argues that the BIA erred in finding that the harm he suffered and feared in El Salvador did not have the requisite nexus to a protected ground. Though Avalos contends that his family relationship, particularly his relationship to his son, was one central reason for the harm he suffered, the record does not support his contention.

Avalos testified that the employee threatened him during a work-related dispute, not because of any animus towards his family. With respect to the attack by the gang, Avalos testified to two possible motives. First, he testified that he believed that the gang members had attacked him because he had reported the attack against his son to the prosecutor's office. He added, however, that the gang members did not tell him that they were beating him because of the report; they told him that they did not recognize him as being from the area.

As the Government argues, the problem with the motivations that Avalos provided during his testimony, is that they are not relevant to his proposed social group of "family member of Adolfo Josue Avalos Aviles." Accordingly, "substantial evidence does not compel the conclusion that the nexus requirement is satisfied" in Avalos's case. *Vazquez-Guerra v. Garland*, 7 F.4th 265, 271 (5th Cir. 2021), *cert. denied*, 142 S. Ct. 1228 (2022).

Because the BIA's past persecution and nexus findings are supported by substantial evidence, we affirm the BIA's denial of asylum relief.

---

[5] Avalos also argues that the IJ should have granted him humanitarian asylum as a matter of discretion. Because Avalos failed to show that he suffered past persecution, he is not entitled to humanitarian asylum. *See Shehu v. Gonzales*, 443 F.3d 435, 440-41 (5th Cir. 2006).

*See Zhang*, 432 F.3d at 344. And because substantial evidence supports the denial of Avalos's asylum claim, it follows that the BIA's determination that he was likewise ineligible for withholding of removal be affirmed. *See Majd v. Gonzales*, 446 F.3d 590, 595 (5th Cir. 2006).

Avalos argues that he faces an "extreme likelihood" of torture and death if he is removed to El Salvador, and that the BIA erred in affirming the IJ's denial of CAT relief.[6]

Avalos testified that he fears the gangs and believes that the police in El Salvador would not protect him because he had seen the police work with the gangs. As this court has recognized, "potential instances of violence committed by non-governmental actors against citizens, together with speculation that the police might not prevent that violence, are generally insufficient to prove government acquiescence, especially if there is evidence that the government prosecutes rogue or corrupt public officials." *Garcia v. Holder*, 756 F.3d 885, 892 (5th Cir. 2014). Avalos's "speculation that the police might not prevent that violence" is therefore insufficient to support his CAT claim. *Id.*

Moreover, Avalos's "[g]eneralized country evidence tells us little about the likelihood state actors will torture any particular person," including him. *Qorane*, 919 F.3d at 911. And to the extent that the Salvadoran government cannot protect Avalos from the gang violence he fears, "a

---

[6] Avalos's wife and children were potentially eligible for asylum as derivative beneficiaries of their father's application for asylum had he met his burden, but they were not eligible for withholding of removal or CAT relief because they did not file separate asylum applications. *See* 8 U.S.C. § 1158(b)(3)(A) (providing that child of alien granted asylum may be granted the same status); *see also Matter of A-K-*, 24 I. & N. Dec. 275, 279 (BIA 2007) (explaining that while the Immigration and Nationality Act "provides for derivative asylum in certain circumstances, [it] does not permit derivative withholding of removal under any circumstances").

government's inability to protect its citizens does not amount to acquiescence." *Id.*

Finally, Avalos complains that the BIA paid only "token lip service" to his CAT claim by addressing it "in a few short words." While the BIA's analysis was succinct, this court does not require "that the BIA . . . write any lengthy exegesis." *Abdel-Masieh v. INS*, 73 F.3d 579, 585 (5th Cir. 1996). Because the BIA's decision reflects a "meaningful consideration" of Avalos's claim for CAT relief, his argument is without merit. *See id.*

The petition for review is DENIED.