# United States Court of Appeals
## for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

April 6, 2023

Lyle W. Cayce
Clerk

———————

No. 22-60300
Summary Calendar

———————

Alex Noe Torres-Escamilla,

*Petitioner*,

*versus*

Merrick Garland, *U.S. Attorney General*,

*Respondent*.

———————————————————

Petition for Review of an Order of the
Board of Immigration Appeals
Agency No. A209 231 964

———————————————————

Before Barksdale, Higginson, and Ho, *Circuit Judges*.

Per Curiam:[*]

Alex Noe Torres-Escamilla, a native and citizen of Honduras, petitions for review of the Board of Immigration Appeals' (BIA) dismissing his appeal from an order of the immigration judge (IJ) denying his application for asylum, withholding of removal, and protection under the Convention Against Torture (CAT). In dismissing the appeal, the BIA upheld the IJ's

———————————————

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

decision:  Torres' testimony was not credible; and, alternatively, even if it was, he failed to show his eligibility for relief.  Torres challenges the adverse credibility determination and maintains he established his eligibility for relief.

We review the BIA's decision and will consider the IJ's decision only to the extent it affected that of the BIA.  *E.g.*, *Zhu v. Gonzales*, 493 F.3d 588, 593 (5th Cir. 2007).  Factual findings are reviewed for substantial evidence; conclusions of law, *de novo*.  *E.g.*, *id.* at 594.  The substantial-evidence standard applies to factual determinations that an alien is ineligible for asylum, withholding of removal, and CAT protection.  *E.g.*, *Zhang v. Gonzales*, 432 F.3d 339, 344 (5th Cir. 2005).  Under this standard, our court will reverse the BIA's decision only when "the evidence compels a contrary conclusion".  *Carbajal-Gonzalez v. INS*, 78 F.3d 194, 197 (5th Cir. 1996).  "In other words, the alien must show that the evidence was so compelling that no reasonable factfinder could conclude against it."  *Id.*

In determining credibility, the IJ "may rely on any inconsistency or omission".  *Singh v. Sessions*, 880 F.3d 220, 225 (5th Cir. 2018) (citations omitted); 8 U.S.C. § 1158(b)(1)(B)(iii).  If the IJ determines the "totality of the circumstances" requires an adverse credibility finding, our court will defer to that finding so long as it is "supported by specific and cogent reasons".  *Singh*, 880 F.3d at 225 (citations omitted).

The BIA pointed to numerous inconsistencies and omissions upon which the IJ had relied in making its credibility determination, between Torres' credible-fear interview and his testimony before the IJ.  Most notable, regarding Torres' claimed fear of harm by gang members he claims targeted him for recruitment, Torres did not explain the inconsistency pertaining to whether the gang recruited him as a lookout/informant or to construct weapons.  This discrepancy goes to the heart of his claim; therefore it "easily constitute[s] substantial evidence to support an adverse credibility

No. 22-60300

finding". *Arulnanthy v. Garland*, 17 F.4th 586, 593–94 (5th Cir. 2021).  And, even where Torres attempts to explain other inconsistencies throughout his application process and testimony, such as when he was allegedly beaten by gang members, the record does not compel a determination that he was credible.  *See Morales v. Sessions*, 860 F.3d 812, 817 (5th Cir. 2017) ("Neither an IJ nor the BIA is required to accept a petitioner's explanation for the plain inconsistencies in her story." (citation omitted)); *Zhu*, 493 F.3d at 594 (under substantial-evidence standard, our court reverses factual findings only when "evidence compels us to do so").  Finally, to the extent he contends any discrepancies were because he was trying to protect his family in Honduras, that contention was not presented to the BIA; therefore, we lack jurisdiction to consider it.  *E.g.*, *Martinez-Guevara v. Garland*, 27 F.4th 353, 360 (5th Cir. 2022).

The adverse-credibility finding being proper, the evidence does not compel finding Torres was eligible for asylum, withholding of removal, or CAT relief.  *E.g.*, *Avelar-Oliva v. Barr*, 954 F.3d 757, 763–70 (5th Cir. 2020) (where petitioner's testimony is incredible, failure to provide sufficient corroborating evidence may be "fatal to an alien's application for relief"); *Efe v. Ashcroft*, 293 F.3d 899, 907–08 (5th Cir. 2002) (CAT relief requires applicant show "it is more likely than not" he would be tortured).

DISMISSED in part; DENIED in part.