# United States Court of Appeals for the Fifth Circuit

———————

United States Court of Appeals
Fifth Circuit

**FILED**

April 26, 2023

Lyle W. Cayce
Clerk

No. 22-60395
Summary Calendar

———————

AMARDEEP SINGH,

*Petitioner*,

*versus*

MERRICK GARLAND, *U.S. Attorney General*,

*Respondent*.

———————————————————

Petition for Review of an Order of the
Board of Immigration Appeals
Agency No. A215 541 509

———————————————————

Before STEWART, DUNCAN, and WILSON, *Circuit Judges*.

PER CURIAM:*

Amardeep Singh, a native and citizen of India, petitions for review of a decision of the Board of Immigration Appeals (BIA) dismissing his appeal from an order of an Immigration Judge (IJ) concluding that he was ineligible for asylum, withholding of removal, and relief under the Convention Against Torture (CAT). Insofar as he contends that this court should remand the

_____

* This opinion is not designated for publication. *See* 5TH CIR. R. 47.5.

case to have his future persecution claim reconsidered on the evidence in the record, this argument lacks merit because he does not seek to present to the BIA an issue that it has not had a chance to consider. *See Siwe v. Holder*, 742 F.3d 603, 612 (5th Cir. 2014). Insofar as he challenges the BIA's discretionary decision to assign his case to a one-member panel, we lack jurisdiction to consider this exercise of discretion. *See Cantu-Delgadillo v. Holder*, 584 F.3d 682, 691 (5th Cir. 2009).

We review the denial of asylum, withholding, and CAT claims for substantial evidence. *Zhang v. Gonzales*, 432 F.3d 339, 344 (5th Cir. 2005). Pursuant to this standard, we may not disturb the BIA's decision unless the evidence "*compels*" a contrary conclusion. *Id.* (internal quotation marks and citation omitted). Additionally, we consider the IJ's decision only insofar as it influences the BIA. *Singh v. Sessions*, 880 F.3d 220, 224 (5th Cir. 2018).

With respect to asylum and withholding, Singh has not met this standard because he cites nothing compelling a conclusion contrary to that of the agency on the issue whether he showed past persecution or a likelihood of future persecution in India. *See Jaco v. Garland*, 24 F.4th 395, 402 (5th Cir. 2021); *Efe v. Ashcroft*, 293 F.3d 899, 906 (5th Cir. 2002); *see also Kumar v. Garland*, 52 F.4th 957, 970 (5th Cir. 2022), *petition for cert. filed* (U.S. Jan. 19, 2023) (No. 22-681); *Martinez Manzanares v. Barr*, 925 F.3d 222, 224-25, 228 (5th Cir. 2019). His arguments concerning CAT relief likewise fail because he has not shown that the record compels a conclusion contrary to that of the BIA on the issue whether he more likely than not would be tortured if repatriated. *See Morales v. Sessions*, 860 F.3d 812, 818 (5th Cir. 2017); *see also Tibakweitira v. Wilkinson*, 986 F.3d 905, 911 (5th Cir. 2021). Finally, his due process argument is unavailing because he has not shown "that the alleged violation affected the outcome of the proceeding." *See Arteaga-Ramirez v. Barr*, 954 F.3d 812, 813 (5th Cir. 2020) (per curiam) (internal quotation marks and citation omitted).

No. 22-60395

The petition for review is DENIED in part and DISMISSED in part.