# United States Court of Appeals
# for the Fifth Circuit

_____

No. 23-60476
Summary Calendar
_____

United States Court of Appeals
Fifth Circuit

**FILED**
May 6, 2024

Lyle W. Cayce
Clerk

Reina Maria Gamoneda-Romero,

*Petitioner*,

*versus*

Merrick Garland, *U.S. Attorney General*,

*Respondent*.

_____

Petition for Review of an Order of the
Board of Immigration Appeals
Agency No. A201 405 524

_____

Before Barksdale, Graves, and Oldham, *Circuit Judges*.

Per Curiam:[*]

Reina Maria Gamoneda-Romero, a native and citizen of Honduras, petitions for review of the Board of Immigration Appeals' (BIA) order dismissing her appeal from an Immigration Judge's (IJ) denial of: asylum, withholding of removal, and protection under the Convention Against Torture (CAT).

_____

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 23-60476

Our court reviews the BIA's decision and considers the IJ's decision only to the extent it influenced the BIA. *E.g.*, *Singh v. Sessions*, 880 F.3d 220, 224 (5th Cir. 2018). The denial of asylum, withholding of removal, and CAT relief are reviewed for substantial evidence. *E.g.*, *Zhang v. Gonzales*, 432 F.3d 339, 344 (5th Cir. 2005). Under that standard, "reversal is improper unless we decide not only that the evidence supports a contrary conclusion, but [also] that the evidence *compels* it". *Id.* (alteration and emphasis in original) (citation omitted).

On Gamoneda's asylum and withholding-of-removal claims, the BIA concluded she did not show the requisite nexus between her alleged persecution and proposed particular social group (PSG). *See, e.g.*, *Jaco v. Garland*, 24 F.4th 395, 402 (5th Cir. 2021) (explaining "an applicant for asylum or withholding of removal must [show]", *inter alia*, "a nexus between the persecution and her membership in the [PSG]"). Gamoneda's proposed PSG is "single woman from Honduras with child unprotected". She did not present evidence, however, compelling the conclusion that the motorcyclist crashed into her son and targeted her on account of her proposed PSG. *See, e.g.*, *Martinez-De Umana v. Garland*, 82 F.4th 303, 312 (5th Cir. 2023) ("[C]onduct that is driven by criminal . . . motives does not constitute persecution on account of a protected ground". (second alteration in original) (citation omitted)).

Gamoneda's CAT-claim challenge likewise fails because she has not shown she will, more likely than not, be tortured with governmental acquiescence if repatriated. *See, e.g.*, *Morales v. Sessions*, 860 F.3d 812, 818 (5th Cir. 2017) ("[T]he United States may not remove an alien to a country in which the alien is more likely than not to be tortured . . . by, or with the acquiescence of, a public official". (citation omitted)). Instead, she only provides evidence that violence by gang members against women in Honduras is prevalent. *See Qorane v. Barr*, 919 F.3d 904, 911 (5th Cir. 2019)

2

No. 23-60476

("Generalized country evidence tells [our court] little about the likelihood state actors will torture any particular person".).

DENIED.