# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

May 7, 2024

Lyle W. Cayce
Clerk

———————————

No. 23-60559
Summary Calendar

———————————

Jose Israel Chavez-Villatoro,

*Petitioner*,

*versus*

Merrick Garland, *U.S. Attorney General*,

*Respondent*.

———————————————————————

Petition for Review of an Order of the
Board of Immigration Appeals
Agency No. A208 883 278

———————————————————————

Before Elrod, Oldham, and Wilson, *Circuit Judges*.

Per Curiam:[*]

Jose Israel Chavez-Villatoro, a native and citizen of El Salvador, petitions for review of a decision of the Board of Immigration Appeals (BIA) dismissing his appeal from an order of an Immigration Judge (IJ) denying his application for withholding of removal and relief under the Convention Against Torture (CAT) and ordering him removed. Because the BIA's

———————————————————

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

decision concerning withholding and CAT relief is reviewed for substantial evidence, this court should not disturb it unless the evidence "*compels*" a contrary conclusion. *Zhang v. Gonzales*, 432 F.3d 339, 344 (5th Cir. 2005) (internal quotation marks and citation omitted) (emphasis in original). He has not met this standard.

His challenge to the BIA's rejection of his proposed particular social groups (PSGs), all of which shared the characteristic of "Salvadoran young males," is unavailing because these characteristics are too general and lack the particularity needed to establish a PSG. *See Gonzales-Veliz v. Barr*, 938 F.3d 219, 229 (5th Cir. 2019). Because he has not shown error in connection with the BIA's rejection of his proposed PSGs, his withholding claim fails, and we need not consider his remaining arguments concerning this form of relief. *See Munoz-De Zelaya v. Garland*, 80 F.4th 689, 693–94 (5th Cir. 2023); *Jaco v. Garland*, 24 F.4th 395, 401–02, 406–07 (5th Cir. 2021).

Similarly, his CAT arguments fail because his general evidence concerning conditions in El Salvador and his testimony concerning his past encounters with gangsters do not suffice to show that he more likely than not will be tortured with governmental acquiescence if repatriated. *See Morales v. Sessions*, 860 F.3d 812, 818 (5th Cir. 2017); *Qorane v. Barr*, 919 F.3d 904, 911 (5th Cir. 2019).

PETITION DENIED.