# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

June 25, 2024

Lyle W. Cayce
Clerk

No. 23-60596
Summary Calendar

———————————

Jose Eduardo Bravo Galeana; Mireya Gorrosquieta Arreola; Bryan Eduardo Bravo Gorrosquieta; Jose Alonso Bravo Gorrosquieta; Cristopher Bravo Gorrosquieta,

*Petitioners*,

*versus*

Merrick Garland, *U.S. Attorney General*,

*Respondent*.

———————————————————

Petition for Review of an Order of the
Board of Immigration Appeals
Agency Nos. A209 401 696,
A209 401 697, A209 401 698,
A209 401 699, A209 401 700

———————————————————

Before Davis, Willett, and Oldham, *Circuit Judges*.

Per Curiam:[*]

———————————————

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 23-60596

Jose Eduardo Bravo Galeana, a native and citizen of Mexico, petitions for review of a decision of the Board of Immigration Appeals (BIA) dismissing his appeal from an order of an Immigration Judge (IJ) denying his application for asylum, withholding of removal, and relief under the Convention Against Torture (CAT) and ordering him removed.[1]

Because the BIA's decision concerning withholding and CAT relief is reviewed for substantial evidence, this court should not disturb it unless the evidence "*compels*" a contrary conclusion. *Zhang v. Gonzales*, 432 F.3d 339, 344 (5th Cir. 2005) (internal quotation marks and citation omitted). He has not met this standard. Bravo Galeana has not shown that the evidence compels a conclusion contrary to that of the agency on the issue whether his proposed particular social groups (PSGs) are cognizable, as he fails to identify evidence establishing their particularity. *See id.*; *see also Gonzales-Veliz v. Barr*, 938 F.3d 219, 229 (5th Cir. 2019).

Because PSG membership is an essential element of his asylum and withholding claims, he cannot show that the evidence compels a conclusion contrary to that of the BIA concerning these claims, and this court need not consider his remaining arguments concerning the other elements of these forms of relief. *See Munoz-De Zelaya v. Garland*, 80 F.4th 689, 693-94 (5th Cir. 2023); *Jaco v. Garland*, 24 F.4th 395, 401-02 (5th Cir. 2021); *Zhang*, 432 F.3d at 344. His challenge to our jurisprudence concluding that withholding has a higher standard than asylum is, as he concedes, unavailing. *See Mercado v. Lynch*, 823 F.3d 276, 279 (5th Cir. 2016); *Efe v. Ashcroft*, 293 F.3d 899, 906 (5th Cir. 2002).

---

[1] The other petitioners are his wife and children, who are derivatives on his asylum application.

No. 23-60596

Finally, he cites nothing compelling a conclusion contrary to that of the BIA on the question whether more likely than not he will be tortured with governmental acquiescence if repatriated and thus fails to show error in the BIA's rejection of his CAT claim. *Morales v. Sessions*, 860 F.3d 812, 818 (5th Cir. 2017).  The petition for review is DENIED.