# United States Court of Appeals
## for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

January 13, 2025

Lyle W. Cayce
Clerk

No. 24-60305
Summary Calendar

———————

ALBA ROSALINDA GARCIA PEREZ DE MOLINA; DAYANA ROSETH
MOLINA GARCIA,

*Petitioners*,

*versus*

MERRICK GARLAND, *U.S. Attorney General*,

*Respondent*.

———————————————————————

Petition for Review of an Order of the
Board of Immigration Appeals
Agency Nos. A216 291 551,
A216 291 552

———————————————————————

Before HIGGINSON, OLDHAM, and DOUGLAS, *Circuit Judges*.

PER CURIAM:*

Alba Rosalinda Garcia Perez De Molina, a native and citizen of
Guatemala, petitions for review of a decision of the Board of Immigration
Appeals (BIA) dismissing her appeal from an order of an Immigration Judge
(IJ) denying her application for asylum, withholding of removal, and

———————

* This opinion is not designated for publication. *See* 5TH CIR. R. 47.5.

protection under the Convention Against Torture (CAT) and ordering her removed.[1]

We review the denial of asylum, withholding, and CAT claims for substantial evidence. *Zhang v. Gonzales*, 432 F.3d 339, 344 (5th Cir. 2005). Pursuant to this standard, we will not disturb the BIA's decision unless the evidence "*compels*" a contrary conclusion. *Id.* (quoting *Zhao v. Gonzales*, 404 F.3d 295, 306 (5th Cir. 2005)). Perez De Molina has not met this standard.

The BIA concluded, inter alia, that Perez De Molina had not briefed any challenge to the IJ's determination that she had shown neither past persecution nor a well-founded fear of future persecution and had thus waived the issue. Now, Perez De Molina has abandoned any challenge she may have had to the BIA's waiver determination by failing to brief it. *See Lopez-Perez v. Garland*, 35 F.4th 953, 957 n.1 (5th Cir. 2022). Because past persecution or a well-founded fear of future persecution is an essential element of claims for asylum and withholding, Perez De Molina's failure to make this showing is fatal to these claims, and we need not consider her remaining arguments concerning them. *See Jaco v. Garland*, 24 F.4th 395, 401 (5th Cir. 2021); *Munoz-De Zelaya v. Garland*, 80 F.4th 689, 693-94 (5th Cir. 2023).

Her challenge to the BIA's rejection of her CAT claim likewise fails. Perez De Molina cites no authority to support her argument that the police's response to the harm her sister faced from gang members, coupled with country conditions evidence, demonstrates that Perez De Molina more likely than not will be tortured with governmental acquiescence if repatriated. *See Morales v. Sessions*, 860 F.3d 812, 818 (5th Cir. 2017); *see also Qorane v. Barr*,

---

[1] The other petitioner is Perez De Molina's minor daughter, who is a derivative on her asylum application.

No. 24-60305

919 F.3d 904, 911 (5th Cir. 2019) (holding that "[g]eneralized country evidence tells us little about the likelihood state actors will torture any particular person"). Accordingly, Perez De Molina has not shown that the evidence compels a conclusion contrary to that of the BIA on her CAT claim. *See Zhang*, 432 F.3d at 344. The petition for review is DENIED.