# United States Court of Appeals for the Fifth Circuit

───────────

No. 24-60422
Summary Calendar

───────────

United States Court of Appeals
Fifth Circuit

**FILED**

May 30, 2025

Lyle W. Cayce
Clerk

Md Nazmul Islam,

*Petitioner*,

*versus*

Pamela Bondi, *U.S. Attorney General*,

*Respondent*.

─────────────────────────────

Petition for Review of an Order of the
Board of Immigration Appeals
Agency No. A241 412 173

─────────────────────────────

Before Barksdale, Stewart, and Ramirez, *Circuit Judges*.

Per Curiam:[*]

Md Nazmul Islam, a native and citizen of Bangladesh, petitions for review of the Board of Immigration Appeals' (BIA) dismissing his appeal from the Immigration Judge's (IJ) denial of withholding of removal and protection under the Convention Against Torture (CAT). (The denial of asylum is not at issue.) The BIA affirmed the IJ's denial of each of the two

───────────

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

claims at issue here, concluding the IJ's adverse-credibility determination was not clearly erroneous.

Our court reviews the BIA's decision and considers the IJ's decision only to the extent it influenced the BIA. *Orellana-Monson v. Holder*, 685 F.3d 511, 517 (5th Cir. 2012). The BIA's factual findings are reviewed for substantial evidence; its legal conclusions, *de novo*. *Id*. Findings of fact, including an applicant's eligibility for withholding of removal and relief under CAT, are reviewed under the substantial-evidence standard. *E.g.*, *Chen v. Gonzales*, 470 F.3d 1131, 1134 (5th Cir. 2006). Additionally, credibility determinations are reviewed under the substantial-evidence standard. *E.g.*, *Avelar-Oliva v. Barr*, 954 F.3d 757, 763 (5th Cir. 2020). Under this standard, our court will not disturb the BIA's decision unless the evidence "*compels*" a contrary conclusion. *E.g.*, *Revencu v. Sessions*, 895 F.3d 396, 401 (5th Cir. 2018) (emphasis in original) (citation omitted). Islam has not made this showing.

The BIA affirmed the IJ's adverse-credibility determination based on several inconsistencies in the record regarding the extent to which Islam's nose was injured as the result of an attack from a rival political group. He challenges the BIA's ruling by contending the inconsistencies were not, in fact, inconsistencies. The BIA, however, is not bound to accept his explanations for them. *E.g.*, *Arulnanthy v. Garland*, 17 F.4th 586, 593–94 (5th Cir. 2021). Moreover, "[t]he factfinder may rely on *any* inconsistency or omission to determine that the petitioner is not credible in light of the totality of the circumstances, regardless of whether the inconsistency or omission goes to the heart of the applicant's claim". *Avelar-Oliva*, 954 F.3d at 767 (emphasis added). Our review of the record shows that the BIA's adverse-credibility determination is grounded in "specific and cogent reasons derived from the record", *id.* at 764 (citation omitted), and Islam has provided no

evidence *compelling*, as required, a contrary conclusion. *E.g.*, *Revencu*, 895 F.3d at 401.

Because the adverse-credibility determination suffices to uphold the denial of his withholding-of-removal claim, *see Chun v. INS*, 40 F.3d 76, 79 (5th Cir. 1994), we need not consider his remaining contentions concerning this form of relief. *See Munoz-De Zelaya v. Garland*, 80 F.4th 689, 693–94 (5th Cir. 2023) ("[C]ourts and agencies are not required to make findings on issues the decision of which is unnecessary to the results they reach".).

Regarding the challenge to the BIA's denial of CAT protection, "[a]n alien must show (1) it more likely than not that [he] will be tortured upon return to his homeland; and (2) sufficient state action involved in that torture". *Tabora Gutierrez v. Garland*, 12 F.4th 496, 503 (5th Cir. 2021) (citation omitted). Islam fails to do so.

The BIA concluded that the adverse-credibility determination prevented him from establishing the political opinion that would make him a target for persecution or torture in the first instance. In short, he provided no "independent, non-testimonial evidence to support a clear probability of future torture". And apart from his noncredible testimony, a general reference to the 2018 Human Rights Report for Bangladesh does not compel the conclusion that he likely will be tortured if repatriated, particularly in the light of his failure to establish his political opinion. *E.g.*, *Qorane v. Barr*, 919 F.3d 904, 911 (5th Cir. 2019) ("Generalized country evidence tells us little about the likelihood state actors will torture any particular person[.]"). Accordingly, Islam shows no error in connection with the rejection of his claim for CAT relief. *See Morales v. Sessions*, 860 F.3d 812, 818 (5th Cir. 2017); *Zhang v. Gonzales*, 432 F.3d 339, 344–45 (5th Cir. 2005) (citation omitted).

DENIED.