# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

February 10, 2026

Lyle W. Cayce
Clerk

No. 25-60183
Summary Calendar

---

Julia Elizabeth Molina-Baires; Marcela Sarai Aranda-Molina,

*Petitioners,*

*versus*

Pamela Bondi, *U.S. Attorney General,*

*Respondent.*

---

Petition for Review of an Order of the
Board of Immigration Appeals
Agency Nos. A201 780 345,
A201 780 346

---

Before Stewart, Graves, and Oldham, *Circuit Judges.*

Per Curiam:[*]

Julia Elizabeth Molina-Baires, a native and citizen of El Salvador, petitions for review of an order of the Board of Immigration Appeals (BIA) dismissing her appeal from an order of an Immigration Judge denying her application for asylum, withholding of removal, and protection under the

---

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

Convention Against Torture (CAT) and ordering her removed. Marcela Sarai Aranda-Molina, also a native and citizen of El Salvador, is Molina-Baires's minor child and is a derivative beneficiary of her application for asylum. We review the denial of asylum, withholding, and CAT claims for substantial evidence. *Zhang v. Gonzales*, 432 F.3d 339, 344 (5th Cir. 2005). Pursuant to this standard, we will not disturb the BIA's decision unless the evidence "*compels*" a contrary conclusion. *Id.* (internal quotation marks and citation omitted). This standard has not been met.

One who seeks asylum or withholding must show that officials are unable or unwilling to protect her from persecution on account of a protected ground, such as membership in a particular social group (PSG). *Jaco v. Garland*, 24 F.4th 395, 400-01, 406-07 (5th Cir. 2021). Because withholding "is a higher standard than asylum," one who fails to show eligibility for the latter likewise fails to show eligibility for the former. *Efe v. Ashcroft*, 293 F.3d 899, 906 (5th Cir. 2002). Molina-Baires cites nothing compelling a conclusion contrary to that of the BIA on the issue whether she made the requisite showing, review of the record supports the agency's conclusion that the acts on which her claims are based were grounded in economic or criminal motives, and we have denied petitions for review grounded in similar scenarios. *See Martinez-De Umana v. Garland*, 82 F.4th 303, 312 (5th Cir. 2023); *Garcia v. Holder*, 756 F.3d 885, 890 (5th Cir. 2014); *see also Vazquez-Guerra v. Garland*, 7 F.4th 265, 270 (5th Cir. 2021). Because the nexus determination is dispositive of her asylum and withholding claims, we need not consider her arguments concerning persecution and the viability of her proposed PSGs. *See Munoz-De Zelaya v. Garland*, 80 F.4th 689, 693-94 (5th Cir. 2023). Moreover, we do not consider her claim that she was persecuted for her anti-gang political opinion, a claim she raises for the first time in this court. *See Santos-Alvarado v. Barr*, 967 F.3d 428, 440 n.13 (5th Cir. 2020).

No. 25-60183

One who seeks CAT relief must show she more likely than not would be tortured with official acquiescence if repatriated. *Morales v. Sessions*, 860 F.3d 812, 818 (5th Cir. 2017). Molina-Baires shows no error in connection with the BIA's conclusion that this claim failed because officials investigated and prosecuted the individuals behind the threats and attacks she experienced. The petition for review is DENIED.