# United States Court of Appeals for the Fifth Circuit

————————

No. 25-60646
Summary Calendar

————————

United States Court of Appeals
Fifth Circuit

**FILED**

May 20, 2026

Lyle W. Cayce
Clerk

Ernesto Labrador Gutierrez,

*Petitioner*,

*versus*

Todd Wallace Blanche, *Acting U.S. Attorney General*,

*Respondent*.

————————————————————

Petition for Review of an Order of
the Board of Immigration Appeals
Agency No. A216 914 792

————————————————————

Before Smith, Higginson, and Wilson, *Circuit Judges*.

Per Curiam:[*]

Ernesto Gutierrez, a native and citizen of Venezuela, petitions for review of a decision of the Board of Immigration Appeals ("BIA") dismissing his appeal of the order of the immigration judge ("IJ") ordering removal and denying his application for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT") and denying his request for remand. His challenges to the denial of asylum and withholding

———————————

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 25-60646

fail because he shows nothing compelling a conclusion contrary to that of the BIA on whether he showed past persecution or a well-founded fear of future persecution, particularly in light of his family's continued residence in Venezuela and the delay between the only incident in which he was physically harmed and his leaving. *See Jaco v. Garland*, 24 F.4th 395, 401, 406–07 (5th Cir. 2021); *Gjetani v. Barr*, 968 F.3d 393, 395–99 (5th Cir. 2020); *Zhao v. Gonzales*, 404 F.3d 295, 307 (5th Cir. 2005); *Eduard v. Ashcroft*, 379 F.3d 182, 188 (5th Cir. 2004).

His CAT claim fails because he does not show he more likely than not would be tortured with official acquiescence if repatriated. *Morales v. Sessions*, 860 F.3d 812, 818 (5th Cir. 2017). Finally, he shows no abuse of discretion in connection with the denial of his motion for remand because he cites nothing showing error in the BIA's rejection of his assertion that evidence concerning his potential prosecution would likely have resulted in a different result. *See Suate-Orellana v. Barr*, 979 F.3d 1056, 1062 (5th Cir. 2020). The petition for review is DENIED.