# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

March 17, 2023

Lyle W. Cayce
Clerk

_____

No. 22-60451
Summary Calendar

_____

Maria Elizabeth Melgar-Ortiz; Esmeralda Del Carmen Gutierrez-Melgar; Noel Antonio Gutierrez-Melgar,

*Petitioners*,

*versus*

Merrick Garland, *U.S. Attorney General*,

*Respondent*.

_____

Petition for Review of an Order of the
Board of Immigration Appeals
Agency No. A209 436 967
Agency No. A209 436 968
Agency No. A209 436 969

_____

Before Smith, Southwick, and Douglas, *Circuit Judges*.

Per Curiam:*

Maria Elizabeth Melgar-Ortiz, a native and citizen of El Salvador, petitions for review of a decision of the Board of Immigration Appeals, or "BIA." The decision dismissed her appeal from an order of an Immigration

_____

* This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 22-60451

Judge ("IJ") denying her application for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT").[1]  Because we review the BIA's decision concerning asylum, withholding, and CAT relief for substantial evidence, we may not disturb this decision unless the evidence "*compels*" a contrary conclusion.  *Zhang v. Gonzales*, 432 F.3d 339, 344 (5th Cir. 2005) (quotation marks and citations omitted; emphasis in original).

This standard has not been met.  Melgar-Ortiz shows no error in connection with the BIA's determination that her proposed particular social groups were not cognizable.  A particular social group must be socially distinct.  *Gonzales-Veliz v. Barr*, 938 F.3d 219, 229 (5th Cir. 2019).  In addition, a particular social group must be more than one person.  *Martinez Manzanares v. Barr*, 925 F.3d 222, 227 (5th Cir. 2019).  She thus fails to show that the evidence compels a conclusion contrary to that of the BIA on the issue whether she was eligible for asylum or withholding.  Because an applicant for asylum or withholding of removal must first show membership in a relevant social group, *Jaco v. Garland*, 24 F.4th 395, 402 (5th Cir. 2021), we need not consider her remaining arguments concerning these forms of relief.

Her CAT arguments fail because they do not show that the evidence compels a conclusion contrary to that of the BIA on the issue whether she more likely than not will be tortured if repatriated.  *See Morales v. Sessions*, 860 F.3d 812, 818 (5th Cir. 2017).  The petition for review is DENIED.

---

[1] Melgar-Ortiz is the mother of the other two petitioners here, who are derivatives on her application.