# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
August 1, 2023

Lyle W. Cayce
Clerk

————————

No. 22-60497
Summary Calendar

————————

Leila Marlene Portillo-Erazo; Jerald Yariel Najera-Portillo; Luis Carlos Najera-Portillo,

*Petitioners*,

*versus*

Merrick Garland, *U.S. Attorney General*,

*Respondent*.

_____

Petition for Review of an Order of the
Board of Immigration Appeals
Agency Nos. A206 726 568, A206 726 569,
A206 726 570

_____

Before Jones, Haynes, and Oldham, *Circuit Judges*.

Per Curiam:[*]

Leila Marlene Portillo-Erazo, a native and citizen of Honduras, petitions this court for review of an order of the Board of Immigration Appeals (BIA) dismissing her appeal from an order of the Immigration Judge (IJ) denying her application for asylum, withholding of removal, and relief

_____

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 22-60497

under the Convention Against Torture (CAT).[1]  We review the denial of asylum, withholding, and CAT claims for substantial evidence.  *Zhang v. Gonzales*, 432 F.3d 339, 344 (5th Cir. 2005); *Shehu v. Gonzales*, 443 F.3d 435, 441 (5th Cir. 2006).  Pursuant to this standard, we may not disturb the BIA's decision unless the evidence "*compels*" a contrary conclusion.  *Zhang*, 432 F.3d at 344. (internal quotation marks and citation omitted).  Portillo-Erazo has not met this standard.

With respect to her asylum and withholding claims, she has not shown that the evidence compels a conclusion contrary to that of the agency on the issue whether she showed past persecution or a well-founded fear of future persecution.  *See id.*; *see also Jaco v. Garland*, 24 F.4th 395, 402 (5th Cir. 2021); *Singh v. Barr*, 920 F.3d 255, 259 (5th Cir. 2019); *Efe v. Ashcroft*, 293 F.3d 899, 906 (5th Cir. 2002).  Because past persecution or a well-founded fear of future persecution is an essential element of claims for asylum and withholding, she has not met the substantial evidence standard with respect to these claims, and there is no need to address her remaining arguments concerning these forms of relief.  *See Singh*, 920 F.3d at 259; *Zhang*, 432 F.3d at 344; *Jaco*, 24 F.4th at 402; *Efe*, 293 F.3d at 906; *INS v. Bagamasbad*, 429 U.S. 24, 25 (1976) (per curiam).  Her failure to show past persecution also equates to a failure to show that the evidence compels a conclusion contrary to that of the BIA on the issue whether she should have received humanitarian asylum.  *See Shehu*, 443 F.3d at 440-41.

Finally, she has not shown that the evidence compels a conclusion contrary to that of the agency on the issue whether she more likely than not will be tortured with governmental acquiescence if repatriated and thus has

---

[1] The other two petitioners are Portillo-Erazo's minor children and are derivatives on her application.

No. 22-60497

not met the substantial evidence standard with respect to her CAT claim. *See Morales v. Sessions*, 860 F.3d 812, 818 (5th Cir. 2017). The petition for review is DENIED.