# United States Court of Appeals for the Fifth Circuit

---

No. 23-60542
Summary Calendar

---

United States Court of Appeals
Fifth Circuit

**FILED**
June 28, 2024

Lyle W. Cayce
Clerk

Juan Carlos Argueta,

*Petitioner*,

*versus*

Merrick Garland, *U.S. Attorney General*,

*Respondent*.

---

Petition for Review of an Order of the
Board of Immigration Appeals
Agency No. A212 945 863

---

Before Smith, Higginson, and Engelhardt, *Circuit Judges*.

Per Curiam:[*]

Juan Carlos Argueta, a native and citizen of El Salvador, petitions for review of a decision of the Board of Immigration Appeals (BIA) dismissing his appeal from an order of an Immigration Judge (IJ) denying his application for asylum, withholding of removal, and relief under the Convention Against Torture (CAT) and ordering him removed. Because the BIA's decision

---

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

concerning withholding and CAT relief is reviewed for substantial evidence, this court should not disturb it unless the evidence *compels* a contrary conclusion. *Zhang v. Gonzales*, 432 F.3d 339, 344 (5th Cir. 2005). He has not met this standard.

Argueta fails to present argument concerning, and thus abandons any challenge he may have had, to the BIA's conclusion that he had not shown that Salvadoran officials were unwilling or unable to help him. *See Soadjede v. Ashcroft*, 324 F.3d 830, 833 (5th Cir. 2003). Because officials' unwillingness or inability to help the alien is an essential element of asylum and withholding claims, he cannot show that the evidence compels a conclusion contrary to that of the BIA concerning these claims, and this court need not consider his arguments concerning the other elements of these forms of relief. *See Munoz-De Zelaya v. Garland*, 80 F.4th 689, 693–94 (5th Cir. 2023); *Jaco v. Garland*, 24 F.4th 395, 401, 406–07 (5th Cir. 2021); *Zhang*, 432 F.3d at 344. His challenge to our jurisprudence concluding "that applicants for withholding of removal must show that a protected ground was or will be at least one central reason for persecuting the applicant" is, as he concedes, unavailing. *See Vazquez-Guerra v. Garland*, 7 F.4th 265, 271 (5th Cir. 2021) (cleaned up); *see also Mercado v. Lynch*, 823 F.3d 276, 279 (5th Cir. 2016).

His challenge to the BIA's rejection of his CAT claim fails because he points to no evidence compelling a conclusion contrary to that of the agency on the issue whether he more likely than not will be tortured with governmental acquiescence if repatriated. *See Morales v. Sessions*, 860 F.3d 812, 818 (5th Cir. 2017). The petition for review is DENIED.