# United States Court of Appeals
# for the Fifth Circuit

―――――――――

No. 24-60175
Summary Calendar

―――――――――

United States Court of Appeals
Fifth Circuit

**FILED**

October 17, 2024

Lyle W. Cayce
Clerk

Francisca Marisela Avila-Ortiz,

*Petitioner*,

*versus*

Merrick Garland, *U.S. Attorney General*,

*Respondent*.

―――――――――――――――――――――――

Petition for Review of an Order of the
Board of Immigration Appeals
Agency No. A208 296 002

―――――――――――――――――――――――

Before Barksdale, Stewart, and Ramirez, *Circuit Judges*.

Per Curiam:[*]

Francisca Marisela Avila-Ortiz, a native and citizen of Honduras, petitions for review of the Board of Immigration Appeals' (BIA) upholding the immigration judge's (IJ) denial of asylum, withholding of removal, and protection under the Convention Against Torture (CAT). Avila contends the BIA erred when it determined she did not belong to a legally-cognizable

―――――――――――――――――――

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

particular social group (PSG), and, alternatively, did not establish the requisite nexus between the asserted persecution and her membership in the claimed PSG.  Additionally, Avila challenges the BIA's determination that she did not establish eligibility for protection under CAT.

Our court reviews the BIA's decision and considers the IJ's decision only to the extent it influenced the BIA.  *E.g.*, *Orellana-Monson v. Holder*, 685 F.3d 511, 517 (5th Cir. 2012).  Whether a proposed PSG is legally cognizable is generally a question of law, but "its answer indisputably turns on findings of fact".  *Cantarero-Lagos v. Barr*, 924 F.3d 145, 150 (5th Cir. 2019).  Findings of fact, including an applicant's eligibility for asylum, withholding of removal, and relief under CAT, are reviewed under the substantial-evidence standard.  *E.g.*, *Chen v. Gonzales*, 470 F.3d 1131, 1134 (5th Cir. 2006).  Under this standard, our court will not disturb the BIA's decision unless the evidence "*compels*" a contrary conclusion.  *E.g.*, *Revencu v. Sessions*, 895 F.3d 396, 401 (5th Cir. 2018) (emphasis in original) (citations omitted).  Avila has not met this standard.

Avila based her asylum and withholding-of-removal claims on the protected ground of membership in a PSG.  *E.g.*, *Jaco v. Garland*, 24 F.4th 395, 401 (5th Cir. 2021) (outlining asylum and withholding-of-removal standards).  Her proposed PSGs—"1) women and girls with certain profiles or in specific circumstances, 2) women as property in Honduras, and 3) women in Honduras"—are similar to the PSG considered in *Jaco*.  *Id.* at 402 (explaining "Honduran women who are unable to leave their domestic relationships" was not legally cognizable PSG).

The BIA did not reversibly err in determining Avila's proposed PSGs were overbroad and did not satisfy the particularity requirement.  *E.g.*, *Cantarero-Lagos*, 924 F.3d at 150–51 ("Honduran women and girls who cannot sever family ties" is "impermissibly overbroad"); *Lopez-Perez v.*

No. 24-60175

*Garland*, 35 F.4th 953, 958 (5th Cir. 2022) (observing "Salvadoran women who are viewed as property by virtue of their position in a domestic relationship" not legally-cognizable PSG because it was impermissibly circular).

Because the failure to establish a cognizable PSG is dispositive of her asylum and withholding-of-removal claims, our court need not consider her remaining contention regarding the nexus requirement. *E.g.*, *Munoz-De Zelaya v. Garland*, 80 F.4th 689, 693–94 (5th Cir. 2023) (citations omitted) ("[C]ourts and agencies are not required to make findings on issues the decision of which is unnecessary to the results they reach.").

Avila's challenge to the denial of her CAT claim is likewise unavailing because she fails to show that she more likely than not will be tortured by, or with the acquiescence of, a government official if repatriated. *E.g.*, *Morales v. Sessions*, 860 F.3d 812, 818 (5th Cir. 2017).

DENIED.

3