# United States Court of Appeals
# for the Fifth Circuit

---

No. 24-60179
Summary Calendar

---

United States Court of Appeals
Fifth Circuit

**FILED**

November 13, 2024

Lyle W. Cayce
Clerk

Hargursimranpreet Singh Sandhu,

*Petitioner,*

*versus*

Merrick Garland, *U.S. Attorney General,*

*Respondent.*

---

Petition for Review of an Order of the
Board of Immigration Appeals
Agency No. A240 316 149

---

Before Jolly, Jones, and Willett, *Circuit Judges.*

Per Curiam:[*]

Hargursimranpreet Singh Sandhu, a native and citizen of India, petitions this court for review of a decision of the Board of Immigration Appeals (BIA) dismissing his appeal from an order of an Immigration Judge (IJ) denying his application for asylum, withholding of removal, and protection under the Convention Against Torture (CAT) and ordering him

---

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

removed.   This court reviews the BIA's opinion and considers the IJ's decision only insofar as it influences the BIA.  *Singh v. Sessions*, 880 F.3d 220, 224 (5th Cir. 2018).

Because the BIA's credibility determination is reviewed for substantial evidence, this court should not disturb it unless the evidence "compels" a contrary conclusion.  *Singh*, 880 F.3d at 224-25 (quote at 225). Sandhu has not met this standard.   The BIA's decision is grounded in "specific and cogent reasons derived from the record."  *Singh*, 880 F.3d at 225 (internal quotation marks and citation omitted).  Additionally, the IJ and BIA were not bound to accept his explanations for the discrepancies amongst his testimony and documentary evidence.  *Arulnanthy v. Garland*, 17 F.4th 586, 594 (5th Cir. 2021).  The adverse credibility finding suffices to deny his claims for asylum and withholding.  *See Arulnanthy*, 17 F.4th at 597; *Chun v. INS*, 40 F.3d 76, 79 (5th Cir. 1994).

His challenge to the BIA's rejection of his CAT claim likewise fails. Because the BIA apparently considered his contention that his documentary evidence was not considered, it was exhausted.  *Mirza v. Garland*, 996 F.3d 747, 753 (5th Cir. 2021).  Contrary to his assertions, *Arulnanthy v. Garland*, 17 F.4th 586, 597-98 (5th Cir. 2021), is materially distinguishable from the circumstances presented here because the BIA "refused" to consider Arulnanthy's country condition evidence.  17 F.4th at 592.  Here, the record may fairly be read as showing that the BIA and IJ considered the disputed records.  Moreover, Sandhu cites nothing in these records compelling the conclusion that he more likely than not will be tortured with official acquiescence if repatriated and thus fails to show that the evidence compels a conclusion contrary to that of the BIA on the issue whether he was eligible for CAT relief.  *Morales v. Sessions*, 860 F.3d 812, 818 (5th Cir. 2017); *Zhang v. Gonzales*, 432 F.3d 339, 344 (5th Cir. 2005).  The petition for review is DENIED.