# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

January 31, 2025

Lyle W. Cayce
Clerk

No. 24-60336
Summary Calendar

Juan Carlos Uriostegui Hernandez; Maria Azucena
Romero Cortez; Yamilet Uriostegui Romero,

*Petitioners*,

*versus*

James R. McHenry, III, *Acting U.S. Attorney General*,

*Respondent*.

Petition for Review of an Order of the
Board of Immigration Appeals
Agency Nos. A201 743 203,
A201 743 204, A201 743 205

Before Barksdale, Haynes, and Wilson, *Circuit Judges*.
Per Curiam:[*]

Juan Carlos Uriostegui Hernandez, a native and citizen of Mexico, petitions for review of the Board of Immigration Appeals' (BIA) upholding the immigration judge's (IJ) denial of: asylum, withholding of removal, and protection under the Convention Against Torture (CAT). (The other

---

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 24-60336

petitioners are Hernandez' wife, Maria Azucena Romero Cortez, and his minor daughter, Yamilet Uriostegui Romero, derivative applicants on Hernandez' asylum application.)

Our court reviews the BIA's decision, considering the IJ's decision only to the extent it influenced the BIA. *E.g.*, *Orellana-Monson v. Holder*, 685 F.3d 511, 517 (5th Cir. 2012). Because the BIA affirmed the IJ's decision without opinion, however, our court reviews the IJ's underlying decision. *See Lopez-Perez v. Garland*, 35 F.4th 953, 956 (5th Cir. 2022).

Review of legal conclusions is *de novo*. *Id.* Whether a proposed particular social group (PSG), discussed *infra*, is legally cognizable is generally a question of law, but "its answer indisputably turns on findings of fact". *Cantarero-Lagos v. Barr*, 924 F.3d 145, 150 (5th Cir. 2019). Findings of fact, including an applicant's eligibility for asylum, withholding of removal, and relief under CAT, are reviewed under the substantial-evidence standard. *E.g.*, *Lopez-Perez*, 35 F.4th at 956. Under this standard, our court will not disturb the applicable IJ's decision unless the evidence "compels" a contrary conclusion. *E.g.*, *id.* Hernandez has not met this standard.

Hernandez based his asylum and withholding-of-removal claims on the protected ground of membership in a PSG. *E.g.*, *Orellana-Monson*, 685 F.3d at 518 (outlining asylum and withholding-of-removal standards). His proposed PSGs—"Mexican men who refuse to support gangs" and "Mexican men who are perceived to encourage public opposition to criminal gangs by refusing to submit to the gangs' authority"—are similar to the PSG considered in *Orellana-Monson*. *Id.* at 516, 521–22 (explaining "Salvadoran males, ages 8 to 15, who have been recruited by Mara 18 but have refused to join due to a principled opposition to gangs" was not legally cognizable PSG) (quote on 516).

The IJ did not reversibly err in determining that Hernandez' proposed PSGs failed to meet the requirements of particularity or social distinction. *See id.*, 685 F.3d at 521–22; *Suate-Orellana v. Barr*, 979 F.3d 1056, 1061 (5th Cir. 2020) (reaching similar conclusion regarding proposed PSG of "Honduran women who have been targeted for and resisted gang recruitment after the murder of a gang-associated partner").

Hernandez' failure to establish a cognizable PSG is dispositive of his claims for asylum and withholding of removal. *See Orellana-Monson*, 685 F.3d at 522. Further, Hernandez' contention that withholding of removal has a less demanding standard than asylum with respect to establishing nexus is foreclosed under our circuit precedent. *See Vazquez-Guerra v. Garland*, 7 F.4th 265, 271 (5th Cir. 2021).

Finally, an applicant for CAT relief must show: he more likely than not would suffer torture if returned to his home country; and sufficient state action would be involved in the torture. *E.g.*, *Martinez Manzanares v. Barr*, 925 F.3d 222, 228 (5th Cir. 2019). The IJ concluded the documentary evidence did not substantiate the testimony of Hernandez and his wife that the Jalisco Cartel would find and harm the family even if they relocated to a distant area in Mexico.

Hernandez' family was not physically harmed in the past; was threatened in person in only one incident in their hometown; and were not harmed or threatened in Mexico after moving from their hometown, albeit while living in hiding. Hernandez' contention that his family likely would suffer torture despite relocation in Mexico at most presents a permissible view of the evidence. It thus is insufficient under the substantial-evidence standard. *See Morales v. Sessions*, 860 F.3d 812, 818 (5th Cir. 2017). Based

No. 24-60336

on the evidence as a whole, a reasonable factfinder could have found the requisite likelihood of torture was not shown.

DENIED.