# United States Court of Appeals for the Fifth Circuit

———————

No. 24-60444
Summary Calendar

———————

United States Court of Appeals
Fifth Circuit

**FILED**
February 21, 2025

Lyle W. Cayce
Clerk

Mario Contreras Lara,

*Petitioner*,

*versus*

Pamela Bondi, *U.S. Attorney General*,

*Respondent*.

———————————————————

Petition for Review of an Order of the
Board of Immigration Appeals
Agency No. A206 244 647

———————————————————

Before Haynes, Higginson, and Douglas, *Circuit Judges*.

Per Curiam:[*]

Mario Contreras Lara, a native and citizen of Mexico, petitions this court for review of an order of the Board of Immigration Appeals (BIA) dismissing his appeal from a decision of an Immigration Judge ordering him removed and denying his application for asylum, withholding of removal, and protection under the Convention Against Torture (CAT). His assertion that

———————————

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

the BIA failed to properly examine his claims fails because the disputed decision shows that the agency "heard and thought" about his arguments. *Ghotra v. Whitaker*, 912 F.3d 284, 290 (5th Cir. 2019) (internal quotation marks and citation omitted). Insofar as he argues that the BIA failed to give sufficient attention to his withholding claim, he is wrong, as the agency's analysis of this issue comports with our jurisprudence. *See Efe v. Ashcroft*, 293 F.3d 899, 906 (5th Cir. 2002).

We review the denial of asylum, withholding, and CAT claims for substantial evidence. *Zhang v. Gonzales*, 432 F.3d 339, 344 (5th Cir. 2005). Pursuant to this standard, we will not disturb the BIA's decision unless the evidence "*compels*" a contrary conclusion. *Id*. Contreras Lara has not met this standard.

As the BIA explained, he did not show past persecution because he was not harmed in Mexico and because harm suffered by his family members may not be imputed to him. *See Morales v. Sessions*, 860 F.3d 812, 816 (5th Cir. 2017). He also fails to show error in the BIA's determination that he could avoid persecution by relocating within Mexico and instead shows no more than general fear of crime. *See Vazquez-Guerra v. Garland*, 7 F.4th 265, 270 (5th Cir. 2021).

Because Contreras-Lara has not shown error in connection with the BIA's decisions on the issues of whether he showed past persecution and his ability to avoid persecution in Mexico by internally relocating, he likewise has not shown that the evidence compels a conclusion contrary to that of the agency on the issue of whether he was eligible for asylum or withholding, and there is no need to consider his remaining arguments concerning these forms of relief. *See Munoz-De Zelaya v. Garland*, 80 F.4th 689, 693-94 (5th Cir. 2023). Finally, he cites nothing compelling a conclusion contrary to that of the BIA on the issue of whether he more likely than not will be tortured if

No. 24-60444

repatriated and thus shows no error in connection with the rejection of his CAT claim. *See Morales*, 860 F.3d at 818. The petition for review is DENIED.