# United States Court of Appeals
# for the Fifth Circuit

———————————

No. 24-60556
Summary Calendar

———————————

United States Court of Appeals
Fifth Circuit

**FILED**
June 25, 2025

Lyle W. Cayce
Clerk

Maria Lidia Garcia,

*Petitioner*,

*versus*

Pamela Bondi, *U.S. Attorney General*,

*Respondent*.

———————————————————

Petition for Review of an Order of the
Board of Immigration Appeals
Agency No. A201 535 492

———————————————————

Before King, Southwick, and Engelhardt, *Circuit Judges*.

Per Curiam:[*]

Maria Lidia Garcia, a native and citizen of Honduras, petitions for review of the decision of the Board of Immigration Appeals (BIA) dismissing her appeal and affirming an order of the immigration judge denying her application for asylum, withholding of removal, and protection under the Convention Against Torture (CAT).

———————————————

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 24-60556

We review factual findings for substantial evidence and uphold them "unless any reasonable adjudicator would be compelled to conclude the contrary." 8 U.S.C. § 1252 (b)(4)(B); *Chen v. Gonzalez*, 470 F.3d 1131, 1134 (5th Cir. 2006). Questions of law, including whether past harm "rises to the level of past-persecution," are reviewed de novo. *Morales v. Sessions*, 860 F.3d 812, 816 (5th Cir. 2017). Review is limited to the BIA's decision, except to the extent the Board relies upon or adopts the immigration judge's analysis. *See Arulnanthy v. Garland*, 17 F.4th 586, 592 (5th Cir. 2021).

Garcia received four telephonic threats from self-identified gang members in Honduras over the four years following her brother's murder by the same gang. While unfulfilled threats may sometimes constitute persecution, threats that are "exaggerated, non-specific, or lacking in immediacy" do not. *Qorane v. Barr*, 919 F.3d 904, 910 (5th Cir. 2019) (quotation omitted). The BIA did not err by concluding that these threats failed to constitute past persecution.

Not having demonstrated past persecution, Garcia must show that the BIA erred in finding she had no well-founded fear of future persecution. *See id.* Further, she must show that that "it would not be reasonable for . . . her to relocate" within Honduras. 8 C.F.R. § 1208.13(b)(3)(i); *see Munoz-Granados v. Barr*, 958 F.3d 402, 407-08 (5th Cir. 2020).

Garcia did not challenge the immigration judge's finding on relocation in her appeal to the BIA, which deemed the argument waived. She likewise fails to challenge it in her brief to this court. Thus, we do not reach the issue. *See Munoz-De Zelaya v. Garland*, 80 F.4th 689, 694 (5th Cir. 2023). The finding that she could avoid persecution by reasonably relocating within Honduras disposes of Garcia's claim for asylum and withholding. *See Munoz-Granados*, 958 F.3d at 408.

No. 24-60556

Garcia's counseled brief offers no specific factual or legal challenges to the BIA's finding of ineligibility for CAT relief. To the extent the argument is not abandoned for a failure to brief, *see Soadjede v. Ashcroft*, 324 F.3d 830, 833 (5th Cir. 2003), we conclude substantial evidence supports the Board's determination of ineligibility, *see Martinez Manzanarez v. Barr*, 925 F.3d 222, 228-29 (5th Cir. 2019).

The petition is DENIED.