# United States Court of Appeals for the Fifth Circuit

———————

No. 25-60104
Summary Calendar

———————

United States Court of Appeals
Fifth Circuit

**FILED**
September 5, 2025

Lyle W. Cayce
Clerk

Nidia A. Cruz,

*Petitioner*,

*versus*

Pamela Bondi, *U.S. Attorney General*,

*Respondent*.

———————————————————

Petition for Review of an Order of the
Board of Immigration Appeals
Agency No. A094 287 447

———————————————————

Before Barksdale, Graves, and Duncan, *Circuit Judges*.

Per Curiam:[*]

Nidia A. Cruz, a native and citizen of Honduras, petitions for review of the Board of Immigration Appeals' (BIA) affirming an Immigration Judge's (IJ) denial of her application for asylum, withholding of removal, and protection under the Convention Against Torture (CAT). Cruz contends

———————————————————

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

she has established entitlement to relief based on the claimed persecution she suffered because of her status as a lesbian, as quoted *infra*.

Our court reviews the BIA's decision and considers the IJ's decision only to the extent it influenced the BIA. *Orellana-Monson v. Holder*, 685 F.3d 511, 517 (5th Cir. 2012). The BIA's factual findings are reviewed for substantial evidence; its legal conclusions, *de novo*. *Id.* Findings of fact, including an applicant's eligibility for withholding of removal and relief under CAT, are reviewed under the substantial-evidence standard. *E.g.*, *Chen v. Gonzales*, 470 F.3d 1131, 1134 (5th Cir. 2006). Under this standard, our court will not disturb the BIA's decision unless the evidence "*compels*" a contrary conclusion. *E.g.*, *Revencu v. Sessions*, 895 F.3d 396, 401 (5th Cir. 2018) (emphasis in original) (citation omitted). This standard has not been met.

Cruz based her asylum and withholding-of-removal claims on the protected ground of membership in a particular social group (PSG): "lesbian women living in Honduras". To establish eligibility for asylum and withholding based on membership in a PSG, Cruz was required to make three showings: a legally cognizable PSG; a nexus between the suffered persecution and her membership in the PSG; and the Honduran government's inability or unwillingness to protect her from the persecution. *E.g.*, *Lopez-Perez v. Garland*, 35 F.4th 953, 957 (5th Cir. 2022). The failure to establish any of the above-described elements is dispositive of asylum and withholding claims. *See, e.g.*, *Jaco v. Garland*, 24 F.4th 395, 406–07 (5th Cir. 2021) ("Applicants for asylum or withholding of removal *must show* that the government is unable or unwilling to control the applicant's persecution." (emphasis added) (citation omitted)).

The BIA determined Cruz waived any challenge to the IJ's nexus determination; accordingly, even though she now challenges the determination in her petition for review, our consideration of the issue is

precluded. *E.g.*, *Santos-Alvarado v. Barr*, 967 F.3d 428, 440 n.13 (5th Cir. 2020) ("The BIA has long held that it generally will not consider an argument or claim that could have been, but was not, advanced before the IJ. And we have upheld the BIA's authority not to consider such contentions." (citations omitted)). Alternatively, Cruz does not challenge the BIA's determination that she failed to establish the Honduran government's inability or unwillingness to protect her and accordingly abandons any contentions she may have had concerning this determination. *E.g.*, *Lopez-Perez*, 35 F.4th at 957 n.1. Because each of these determinations is independently dispositive of her asylum and withholding claims, she shows no error in connection with the BIA's rejection of these claims. *E.g.*, *id.* at 957; *Jaco*, 24 F.4th at 406–07.

Turning to Cruz' CAT claim, she "must show (1) it more likely than not that [she] will be tortured upon return to [her] homeland; and (2) sufficient state action involved in that torture". *Tabora Gutierrez v. Garland*, 12 F.4th 496, 503 (5th Cir. 2021) (citation omitted). The BIA concluded that her claim of rape, "while traumatic, [wa]s of limited weight in an analysis of future torture risk", and "[t]he country conditions evidence show[ed] improvements for victims of violence based on sexual orientation". She cites nothing *compelling*, as discussed *supra*, a conclusion contrary to that of the BIA on the issue whether she showed she more likely than not would be tortured if repatriated. *E.g.*, *Morales v. Sessions*, 860 F.3d 812, 818 (5th Cir. 2017).

DENIED.