# United States Court of Appeals for the Fifth Circuit

———————

No. 24-60655
Summary Calendar

———————

United States Court of Appeals
Fifth Circuit

**FILED**
September 8, 2025

Lyle W. Cayce
Clerk

Celia Maria Martinez Ramirez,

*Petitioner*,

*versus*

Pamela Bondi, *U.S. Attorney General*,

*Respondent.*

———————————————

Petition for Review of an Order of the
Board of Immigration Appeals
Agency No. A216 285 502

———————————————

Before Barksdale, Oldham, and Douglas, *Circuit Judges*.
Per Curiam:[*]

Celia Maria Martinez Ramirez, a native and citizen of Mexico, petitions for review of the Board of Immigration Appeals' (BIA) dismissing her appeal of an immigration judge's (IJ's) denial of asylum, withholding of removal, and protection under the Convention Against Torture (CAT).

———————————————

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

Our court reviews the BIA's decision and considers the IJ's decision only to the extent it influenced the BIA. *Orellana-Monson v. Holder*, 685 F.3d 511, 517 (5th Cir. 2012). The BIA's factual findings are reviewed for substantial evidence; its legal conclusions, *de novo*. *Id*. Findings of fact, including an applicant's eligibility for asylum, withholding of removal, and relief under CAT, are reviewed under the substantial-evidence standard. *E.g.*, *Chen v. Gonzales*, 470 F.3d 1131, 1134 (5th Cir. 2006). Under this standard, our court will not disturb the BIA's decision unless the evidence "*compels*" a contrary conclusion. *E.g.*, *Revencu v. Sessions*, 895 F.3d 396, 401 (5th Cir. 2018) (emphasis in original) (citation omitted).

An alien seeking asylum or withholding of removal must show, *inter alia*, that officials are unable or unwilling to protect her from persecution on account of a protected ground, such as membership in a particular social group. *E.g.*, *Jaco v. Garland*, 24 F.4th 395, 402 (5th Cir. 2021). If an alien fails to establish any of the elements of asylum or withholding, her claim fails, and the court need not consider her contentions concerning the remaining elements. *INS v. Bagamasbad*, 429 U.S. 24, 25 (1976); *Munoz-De Zelaya v. Garland*, 80 F.4th 689, 694 (5th Cir. 2023) ("[C]ourts and agencies are not required to make findings on issues the decision of which is unnecessary to the results they reach.").

Ramirez shows no error in the BIA's conclusion that she waived any contention she may have had to the IJ's determination that she had not shown that Mexican officials were unable or unwilling to protect her. *See Lopez-Perez v. Garland*, 35 F.4th 953, 957 n.1 (5th Cir. 2022) (unbriefed issues are abandoned). And because, as discussed *supra*, this is an essential element of claims for asylum and withholding of removal, *Jaco*, 24 F.4th at 401, 406–07, she shows no error in connection with the BIA's rejection of these claims. *E.g.*, *Munoz-De Zelaya*, 80 F.4th at 693–94; *Santos-Alvarado v. Barr*, 967 F.3d 428, 440 n.13 (5th Cir. 2020).

Turning to Ramirez' CAT contention, her assertions that gangs would search for her should she return to Mexico, and that the police could not protect her, does not *compel* a conclusion contrary to that of the BIA regarding whether she showed she more likely than not would be tortured with official acquiescence if repatriated. *E.g.*, *Morales v. Sessions*, 860 F.3d 812, 818 (5th Cir. 2017); *Zhang v. Gonzales*, 432 F.3d 339, 344 (5th Cir. 2005).

DENIED.