# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

October 22, 2025

Lyle W. Cayce
Clerk

No. 25-60136
Summary Calendar

───────────────

Wei Lin,

*Petitioner*,

*versus*

Pamela Bondi, *U.S. Attorney General*,

*Respondent*.

───────────────────────────────────

Petition for Review of an Order of the
Board of Immigration Appeals
Agency No. A216 270 083

───────────────────────────────────

Before Higginbotham, Engelhardt, and Ramirez, *Circuit Judges*.

Per Curiam:[*]

Wei Lin, a native and citizen of China, petitions for review of an order of the Board of Immigration Appeals (BIA) dismissing his appeal from an order of an Immigration Judge (IJ) finding him not credible, denying his application for protection and relief, and ordering him removed. We review the BIA's opinion and consider the IJ's decision only insofar as it influences

───────────────────────

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

the BIA. *Singh v. Sessions*, 880 F.3d 220, 224 (5th Cir. 2018). Because the BIA's credibility determination is reviewed for substantial evidence, we will not disturb it unless the evidence "compels" a contrary conclusion. *Id.* at 224-25 (quote at 225). Lin has not met this standard. The BIA's adverse credibility decision is grounded in "specific and cogent reasons derived from the record," *id.* at 225 (citation modified), and the BIA was not obligated to accept his explanations for discrepancies, *Arulnanthy v. Garland*, 17 F.4th 586, 593 (5th Cir. 2021). The adverse credibility finding suffices to deny the petition for review as to his claims for asylum and withholding. *See Arulnanthy*, 17 F.4th at 597; *Chun v. INS*, 40 F.3d 76, 79 (5th Cir. 1994).

Next, Lin challenges the denial of his application for protection under the Convention Against Torture (CAT). The BIA's denial of CAT relief is also reviewed for substantial evidence and thus will not be disturbed unless the evidence "*compels*" a different conclusion. *Zhang v. Gonzales*, 432 F.3d 339, 344 (5th Cir. 2005) (internal quotation marks and citation omitted). One who seeks CAT relief must show he more likely than not would be tortured with official acquiescence if repatriated. *Morales v. Sessions*, 860 F.3d 812, 818 (5th Cir. 2017). Lin has not made this showing, as he cites nothing apart from his non-credible testimony to even establish that he worshipped at an unofficial church, which is the foundation of this claim. The petition for review is DENIED.