# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

December 2, 2025

Lyle W. Cayce
Clerk

No. 25-60223
Summary Calendar

———————

Heidy Jaqueline Madrid-Pineda,

*Petitioner*,

*versus*

Pamela Bondi, *U.S. Attorney General*,

*Respondent*.

———————

Petition for Review of an Order of the
Board of Immigration Appeals
Agency No. A206 506 542

———————

Before Stewart, Graves, and Oldham, *Circuit Judges*.

Per Curiam:[*]

Heidy Jaqueline Madrid-Pineda, a native and citizen of Honduras, petitions this court for review of a decision of the Board of Immigration Appeals (BIA) affirming the immigration judge's (IJ) denial of asylum, withholding of removal, and protection under the Convention Against Torture (CAT).

---

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 25-60223

We review the BIA's decision and consider the IJ's decision only to the extent it influenced the BIA. *Orellana-Monson v. Holder*, 685 F.3d 511, 517 (5th Cir. 2012). The BIA's factual determination that an individual is not eligible for asylum, withholding of removal, or CAT relief is reviewed under the substantial evidence standard. *Chen v. Gonzales*, 470 F.3d 1131, 1134 (5th Cir. 2006). Under that standard, "[t]he petitioner has the burden of showing that the evidence is so compelling that no reasonable factfinder could reach a contrary conclusion." *Orellana-Monson*, 685 F.3d at 518 (internal quotation marks and citation omitted).

One who seeks asylum or withholding of removal must show that officials are unable or unwilling to protect her from persecution on account of a protected ground. *Jaco v. Garland*, 24 F.4th 395, 402 (5th Cir. 2021); *Majd v. Gonzales*, 446 F.3d 590, 595 (5th Cir. 2006). Madrid-Pineda does not dispute the BIA's determination that she waived review of the IJ's finding that she failed to show the Honduran government was unable or unwilling to protect her. By failing to identify any errors in the BIA's analysis, she has abandoned the issue before this court. *See Soadjede v. Ashcroft*, 324 F.3d 830, 833 (5th Cir. 2003). The BIA's waiver determination is a sufficient basis to deny the petition for review as to the asylum and withholding of removal claims. *See Santos-Alvarado v. Barr*, 967 F.3d 428, 440 n.13 (5th Cir. 2020).

Madrid-Pineda's challenge to the BIA's denial of CAT relief is unavailing, as she cites nothing compelling a conclusion contrary to that of the BIA on the question whether she showed that she more likely than not would be tortured with official acquiescence if repatriated. *See Morales v. Sessions*, 860 F.3d 812, 818 (5th Cir. 2017); *Orellana-Monson*, 685 F.3d at 518.

The petition for review is DENIED.

2