# United States Court of Appeals for the Fifth Circuit

No. 25-60270
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

December 9, 2025

Lyle W. Cayce
Clerk

Idelma Neptalia Gomez-Gomez,

*Petitioner,*

*versus*

Pamela Bondi, *U.S. Attorney General,*

*Respondent.*

---

Petition for Review of an Order of the
Board of Immigration Appeals
Agency No. A209 223 139

---

Before Barksdale, Oldham, and Douglas, *Circuit Judges.*

Per Curiam:[*]

Idelma Neptalia Gomez-Gomez, a native and citizen of Honduras, petitions for review of the Board of Immigration Appeals' (BIA) dismissing her appeal from an Immigration Judge's (IJ) denying her application for: asylum; withholding of removal; and protection under the Convention Against Torture (CAT).

---

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 25-60270

Our court reviews the BIA's decision and considers the IJ's decision only to the extent it influenced the BIA. *Orellana-Monson v. Holder*, 685 F.3d 511, 517 (5th Cir. 2012). The BIA's factual findings are reviewed for substantial evidence; its legal conclusions, *de novo*. *Id*. Findings of fact, including an applicant's eligibility for asylum, withholding of removal, and relief under CAT, are reviewed under the substantial-evidence standard. *E.g.*, *Chen v. Gonzales*, 470 F.3d 1131, 1134 (5th Cir. 2006). Under this standard, our court will not disturb the BIA's decision unless the evidence "*compels*" a contrary conclusion. *E.g.*, *Revencu v. Sessions*, 895 F.3d 396, 401 (5th Cir. 2018) (emphasis in original) (citation omitted).

Gomez contends the BIA erred in concluding her particular social groups (PSG) were not viable. An applicant seeking asylum or withholding of removal must show persecution on account of a protected ground, such as membership in a PSG. *See Jaco v. Garland*, 24 F.4th 395, 402 (5th Cir. 2021). Because withholding "is a higher standard than asylum," an applicant who fails to show eligibility for the latter likewise fails to show eligibility for the former. *Efe v. Ashcroft*, 293 F.3d 899, 906 (5th Cir. 2002). Gomez' PSGs—all affiliated with her status as a Honduran woman and domestic-abuse survivor—fail because they lack particularity and are defined by the harm alleged. *E.g.*, *Gonzales-Veliz v. Barr*, 938 F.3d 219, 232 (5th Cir. 2019) (holding PSG of "Honduran women unable to leave their relationship" lacks particularity and fails to exist independently of harm asserted). Because she shows no error in the BIA's rejecting her proposed PSGs, she likewise shows no error in the rejection of her claims for asylum and withholding. Accordingly, there is no need to consider her remaining assertions concerning these forms of relief. *See Munoz-De Zelaya v. Garland*, 80 F.4th 689, 693–94 (5th Cir. 2023) ("As a general rule courts and agencies are not required to make findings on issues the decision of which is unnecessary to the results they reach." (citation omitted)).

Gomez also asserts the BIA erred by concluding she failed to show the requisite official acquiescence to her torture. An applicant seeking CAT relief must show that she more likely than not would be tortured with official acquiescence if repatriated. *Morales v. Sessions*, 860 F.3d 812, 818 (5th Cir. 2017). The BIA rejected this claim because, *inter alia*, she failed to report her abuse to authorities and, accordingly, could not show they would take part in, or acquiesce to, her torture. The evidence she cites in support of her contention—that violence against women in Honduras is widespread and not always investigated—does not compel a conclusion contrary to the BIA's. *E.g.*, *Garcia v. Holder*, 756 F.3d 885, 892 (5th Cir. 2014) ("[P]otential instances of violence committed by non-governmental actors against citizens, together with speculation that the police might not prevent that violence, are generally insufficient to prove government acquiescence".).

DENIED.