# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

May 14, 2026

Lyle W. Cayce
Clerk

————————

No. 25-60539
Summary Calendar

————————

Mellissa Del Pilar Martinez Pereira; Andrea Sofia
Herrera Martinez; Aranza Isabella Herrera Martinez,

*Petitioners*,

*versus*

Todd Wallace Blanche, *Acting U.S. Attorney General*,

*Respondent*.

———————————————————————

Petition for Review of an Order of the
Board of Immigration Appeals
Agency Nos. A201 767 012,
A201 767 112, A201 767 113

———————————————————————

Before Elrod, *Chief Judge*, and Higginson and Ramirez, *Circuit Judges*.

Per Curiam:[*]

Mellissa Del Pilar Martinez Pereira, a native and citizen of Venezuela, petitions for review of an order of the Board of Immigration Appeals (BIA) dismissing her appeal from an immigration judge's denial of asylum,

——————————————

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

withholding of removal, and protection under the Convention Against Torture (CAT).[1]  Martinez Pereira claimed that she was and would be persecuted based on her membership in a particular social group and political opinion.

We review the BIA's factual determination that an individual is not eligible for asylum, withholding of removal, or CAT relief under the substantial-evidence standard. *Chen v. Gonzales*, 470 F.3d 1131, 1134 (5th Cir. 2006).  This standard is a high one: We may not reverse "unless we decide 'not only that the evidence supports a contrary conclusion, but also that the evidence *compels* it.'"  *Id.* (quoting *Zhao v. Gonzales*, 404 F.3d 295, 306 (5th Cir. 2005)).  Martinez Pereira "has the burden of showing that the evidence is so compelling that no reasonable factfinder could reach a contrary conclusion."  *Id.* (citing *Zhao*, 404 F.3d at 306).

Martinez Pereira fails to meet this high burden.  Nothing that she cites compels the conclusion that she experienced harm on account of her membership in her proposed particular social group or on account of her political opinion.  *See Gonzales-Veliz v. Barr*, 938 F.3d 219, 224 (5th Cir. 2019); *Chen*, 470 F.3d at 1134; *see, e.g.*, *Martinez-De Umana v. Garland*, 82 F.4th 303, 312 (5th Cir. 2023).   Her failure to show the requisite nexus is dispositive for asylum and withholding of removal, *see Cantarero-Lagos v. Barr*, 924 F.3d 145, 150 (5th Cir. 2019), so we need not reach her additional arguments concerning these claims, *see INS v. Bagamasbad*, 429 U.S. 24, 25 (1976).  Martinez Pereira also has not shown anything that compels a conclusion contrary to the agency's on the issue whether she established eligibility for CAT relief.  *See Morales v. Sessions*, 860 F.3d 812, 818 (5th Cir.

---

[1] Martinez Pereira's minor children, Andrea Sofia Herrera Martinez and Aranza Isabella Herrera Martinez, also natives and citizens of Venezuela, are derivative beneficiaries of her asylum claim.

No. 25-60539

2017); *Chen*, 470 F.3d at 1134.  The petition for review is therefore DENIED.